Chief Justice Robertson
delivered the, Opinion of the Court.
Upon an indictment against Frederick A. Kaye and Coleman Duncan, for an affray, the former was acquitted, on a plea of not guilty, and ^the latter having pleaded a former conviction upon an indictment for an assault and battery, and averred that the affray charged against him, and the assault and battery for which he had been convicted, were one and the same, the Commonwealth traversed. the alleged identity; and, upon the issue thus concluded, the jury found him guilty, and assessed against him a fine of one hundred and twenty five dollars; for which the Court rendered a judgment, now sought to be reversed.
As an affray is a disturbance of the public peace by a fighting with the mutual consent of the combatants, it would be intrinsically improbable that a conviction for an assault and battery — which 'would not be authorized unless there had been a trespass without the consent of the person injured — had been adjudged as a punishment for an act which should.- be deemed an affray.
But, moreover, it was abundantly proved by oral testimony on the trial in this case, that the assault and battery for which Duncan had been convicted, had been committed several days prior to the affray for which he was indicted; and, as the record could not conclusively identify the offence for which he had been convicted with that with which he was afterwards charged, oral testimony was perfectly competent for the purpose of showing whether the acts had been identical, or whether they had been, as they appeared from the records of them prima facie to have been distinct, and committed at different times.
A novel assignment not being admissible in a criminal *296 case, the proper and only proper mode of replying to the plea of former conviction, was to traverse the alleged identity. And the replication filed in this case, though informal, was substantially a good traverse of that fact, and concluded a substantial and material issue.
But we will not decide the merits of the case, because, in our opinion, we have no revisory jurisdiction over a prosecution for an affray according to the common law; which prescribed imprisonment as a part of the punishment for such an offence. Montee vs. The Commonwealth, (3 J. J. Marsh. 137,) and The Commonwealth vs. Simmons, (6 Ib. 614.)
Wherefore, for want of appellate jurisdiction, the appeal to this Court must be dismissed, without costs.