# DECISIONS

OF THE

# COURT OF APPEALS

## OF KENTUCKY.

SPRING TERM....1846.

## Commonwealth *vs* Jefferson, &c.

ERROR TO THE TRIGG CIRCUIT.

*Misdemeanors.   Appeals and writs of error.*

JUDGE BRECK delivered the opinion of the Court.

INDICTMENT.

*Case* 64.

*April* 7.

Prior to 1841 this Court had no jurisdiction to revise the decisions of the Circuit Court in prosecutions for misdemeanors, unless in cases where fine is the only punishment.

IT was held in *Duncan vs The Commonwealth,* (6 *Dana,* 295,) that this Court had no revisory jurisdiction over a prosecution for an affray, upon the ground that a part of the punishment for the offence was *imprisonment.* The punishment, at that time, both at common law and by statute, was fine and imprisonment.   Since that time the Legislature has placed it in the discretion of the jury to award either fine or imprisonment, or both, as the punishment for an affray; (3 *Stat. Laws,* 520.)   That act, however, does not make the offence exclusively penal, and punishable only by a pecuniary fine.   Whether the punishment in this case, had it gone to the jury and the defendant had been found guilty, would have been fine or imprisonment, or both, cannot be determined. As the offence, therefore, cannot be regarded as punishable by a pecuniary fine only, we think this Court has no jurisdiction in this case.

VOL. VI.                40

The act of 1841 gives the defendant in a prosecution for an affray, a right to appeal or prosecute a writ of error, but the right is not extended to the Commonwealth.

By the statute of 1841, an appeal or writ of error is allowed to defendants but not to the Commonwealth.

The writ of error in this case, therefore, for want of appellate jurisdiction, is dismissed.

*Cates, Attorney General*, for Commonwealth.