HARRISON *v.* JAQUESS and Another.

FRAUD.—PLEADING.—In a complaint, by a creditor, to set aside a transfer of property on the ground of fraud, it was alleged that the transfer was without consideration, and made to defraud creditors, and it was held that as it appeared that the plaintiff was a creditor at the time of the transfer, the allegation of fraud was sufficient, without an averment of an intent to defraud the plaintiff.

VERDICT—CORRECTION OF.—Where the verdict returned by a jury is not in proper form, it is the duty of the court to see that it is put in form.

FRAUD.—Where the person receiving a fraudulent transfer of property participates in the fraud, it can make no difference whether any consideration was paid for the transfer.

APPEAL from the *Vanderburgh* Circuit Court.

GREGORY, J.—This was an action by *Jaquess* and *Gwathmey*, indorsers of a bill of exchange, against *Slaughter* and *Hicks* as acceptors. The original complaint is in the usual form, and was accompanied by an affidavit and undertaking in attachment, and an affidavit charging *Dunkerson* as garnishee. He was summoned, but before he answered, an amendment to the complaint was filed, which alleges that the indebtedness of *Dunkerson* to *Slaughter* is for a balance due upon a partnership previously existing between them; that *Slaughter* had assigned his interest to *Harrison;* that the assignment was without consideration, and made to defraud the creditors of *Slaughter*, who was then and afterwards found to be insolvent. Prayer that *Harrison* be made a party, and the assignment set aside. Upon the filing of this amendment *Harrison* was made a party, and, after sundry pleadings and orders, withdrew all former pleadings and filed a demurrer to the amended complaint, which was overruled, and an exception was taken, and he and *Slaughter* joined in an answer, the general denial. *Dunkerson* answered, showing $950 in his hands, which was assigned to *Harrison, October* 20, 1861. *Hicks* made default. Trial by jury; verdict for the plaintiffs, in the following form:

"We, the jury, find for the plaintiffs against the defend-

ants, *Gustavus G. Slaughter* and *James P. Hicks*, in the sum of nine hundred and forty-one dollars; and we further find that the assignment mentioned in the pleadings by *Gustavus Slaughter* to *Harrison* was fraudulent and void."

When the verdict was first returned it was as follows: "We, the jury, find for the plaintiffs in the sum of nine hundred and forty-one dollars. We also find, on part of defendant, there was fraud."

Under the direction of the court the verdict was put in form. The jury all assented to the verdict as it was finally rendered. The appellant excepted to this action of the court, and assigned it as one of the causes for a new trial.

A motion for a new trial was overruled. *Harrison* moved for a judgment in his favor on the verdict, which was overruled. A bill of exceptions contains the evidence. *Harrison* appeals.

It is argued that the complaint is defective, in not averring that the assignment from *Slaughter* to *Harrison* was made to defraud the plaintiffs. The statute on the subject is as follows:

"All conveyances or assignments, in writing or otherwise, of any estate in lands, or goods, or things in action, and all bonds, contracts, evidences of debt, judgments, decrees, made or suffered with the intent to hinder, delay, or defraud creditors or other persons of their lawful damages, forfeitures, debts or demands, shall be void as to the person sought to be defrauded." 2 G. & H., § 17, p. 352.

The appellees were creditors of the defendant *Slaughter*, at the date of the assignment, and if it was made to hinder, delay, or defraud creditors, it was void as to them.

It is urged that the court below erred in directing the amendment of the verdict in open court; that the jury ought to have been returned to their room to have further considered. We think otherwise. It was evident, from the verdict as it was at first returned, that the jury intended the finding to be as embodied in the verdict finally rendered.

Indeed, it was the duty of the court to see that the verdict was put in proper form.

It is claimed that the court below erred in overruling the motion for a new trial; that the verdict is not sustained by the evidence, because there is no proof that the assignment from *Slaughter* to *Harrison* was made without consideration. If there was fraud, participated in by *Harrison*, or of which he had knowledge at the time he received the assignment, then it can make no difference whether there was or was not a consideration therefor.

We have carefully looked through the evidence, and we are entirely satisfied that the verdict was right. It was for the court and jury trying the case to judge of the weight of the evidence, and the credit to be given to the witnesses. Under the well known and oft repeated rule on the subject, this court cannot interfere with the finding of the jury.

The judgment is affirmed, with costs.

*A. Iglehart*, for appellant.

*J. M. Shackelford* and *J. J. Chandler*, for appellees.