### COMMONWEALTH *vs.* BENJAMIN F. COLLBERG.
### SAME *vs.* CHARLES E. PHENIX.

Middlesex.　Nov. 27, 1875. — Jan. 4, 1876.　COLT, J., absent.

Where two persons go out to fight with their fists, by consent, and do fight with each other, each is guilty of an assault, although there is no anger or mutual ill will.

TWO INDICTMENTS: one for an assault and battery by Benjamin F. Collberg upon Charles E. Phenix ; and the other for an assault and battery by Phenix upon Collberg. Both indictments were founded upon and supported by the same evidence.

At the trial of the two indictments in the Superior Court, before *Lord,* J., there was evidence for the Commonwealth tending to show that about six o'clock on the evening of Sunday, August

22, 1875, Collberg and Phenix met near the station of the Boston and Maine Railroad in Malden, and had a slight altercation, as a result of which Collberg bantered Phenix to fight him ; that Phenix declined on the ground that he did not want to fight with his best clothes on, but said that if Collberg would wait until he could go home and change his clothes, they would go to some place outside of the town and settle it ; that thereupon Phenix did go home and change his clothes, and he and Collberg met at a retired place, remote from habitations and thoroughfares, and fought with each other in the presence of some fifty or seventy-five persons who had gathered there, and that the fight continued until Collberg said that he had enough, when it ceased and the parties went home ; that the next day Collberg and Phenix were a good deal bruised, and looked as if they had been fighting.

The defendants testified that they had been acquainted with each other for a period of five or six years, during which time they had always been on the most friendly terms, and were so at the time of the act complained of, and subsequently ; that during the period of their acquaintance they had engaged at various times in wrestling matches with each other, all of which had been carried on in a friendly spirit and without engendering any ill feeling between them ; that on the day mentioned in the indictment they met towards evening near the station of the Boston and Maine Railroad in Malden, where they had some talk about a recent wrestling match that had taken place in New York, and, growing out of this, as to previous contests of this character which had taken place between them ; that, after some talk about their matches, they agreed to go then to some place where they should not disturb any one, and have another trial of their agility and strength in this direction ; that they shortly afterwards went to such a place and engaged in a " run and catch " wrestle with each other, without any anger or malice, or any intention to do each other bodily harm ; that any injuries which they inflicted upon each other were inflicted accidentally and by mutual consent while voluntarily continuing in such contest.

There was no evidence of any uproar or outcries when the contest took place, or that any one was disturbed thereby, except that the parties were fighting in presence of a crowd of from fifty to one hundred persons who had collected together. After

the evidence was all in, the defendants asked the juage to instruct the jury as follows :

" If the jury are satisfied that whatever acts and things the defendants did to each other they did by mutual consent, and that the struggle between them was an amicable contest voluntarily continued on both sides without anger or malice, and simply for the purpose of testing their relative agility and strength, then there is no assault and battery, and the defendants must be acquitted."

The judge declined to give this instruction, but instructed the jury upon this branch of the case in substance as follows : " That if the defendants were simply engaged in a wrestling match, that being a lawful sport, they could not be convicted of an assault and battery ; but if by mutual agreement between themselves, previously made, they went to a retired spot for the purpose of fighting with each other, and for the purpose of doing each other physical injury by fighting, with a view to ascertain by a trial of their skill in fighting which was the best man, and there engaged in a fight, each endeavoring to and actually doing all the physical injury in his power to the other, and if, in such contest, each did strike the other with his fist for the purpose of injuring him, each may properly be convicted of assault and battery upon the other, although the whole was done by mutual arrangement, agreement and consent, and without anger on the part of either against the other."

To this instruction, and to the refusal of the judge to give the instruction prayed for, the defendants alleged exceptions.

*G. S. Scammon*, for the defendants.

*W. C. Loring*, ( *C. R. Train*, Attorney General, with him,) for the Commonwealth.

ENDICOTT, J. It appears by the bill of exceptions that the parties by mutual agreement went out to fight one another in a retired place, and did fight in the presence of from fifty to one hundred persons. Both were bruised in the encounter, and the fight continued until one said that he was satisfied. There was also evidence that the parties went out to engage in and did engage in a "run and catch " wrestling match. We are of opinion that the instructions given by the presiding judge contained a full and accurate statement of the law.

The common law recognizes as not necessarily unlawful certain manly sports calculated to give bodily strength, skill and activity, and "to fit people for defence, public as well as personal, in time of need." Playing at cudgels or foils, or wrestling by consent, there being no motive to do bodily harm on either side, are said to be exercises of this description. Fost. C. L. 259, 260. Com. Dig. Plead. 3 m. 18. But prize-fighting, boxing matches, and encounters of that kind, serve no useful purpose, tend to breaches of the peace, and are unlawful even when entered into by agreement and without anger or mutual ill will. Fost. C. L. 260. 2 Greenl. on Ev. § 85. 1 Stephens N. P. 211.

If one party license another to beat him, such license is void, because it is against the law. *Matthew* v. *Ollerton*, Comb. 218. In an action for assault, the defendant attempted to put in evidence that the plaintiff and he had boxed by consent, but it was held no bar to the action, for boxing was unlawful, and the consent of the parties to fight could not excuse the injury. *Boulter* v. *Clark*, Bull. N. P. 16. The same rule was laid down in *Stout* v. *Wren*, 1 Hawks, (N. C.) 420, and in *Bell* v. *Hansley*, 3 Jones, (N. C.) 131. In *Adams* v. *Waggoner*, 33 Ind. 531, the authorities are reviewed, and it was held that it was no bar to an action for assault that the parties fought with each other by mutual consent, but that such consent may be shown in mitigation of damages. See *Logan* v. *Austin*, 1 Stew. (Ala.) 476. It was said by Coleridge, J., in *Regina* v. *Lewis*, 1 C. & K. 419, that "no one is justified in striking another except it be in self-defence, and it ought to be known, that whenever two persons go out to strike each other, and do so, each is guilty of an assault;" and that it was immaterial who strikes the first blow. See *Rex* v. *Perkins*, 4 C. & P. 537.

Two cases only have been called to our attention, where a different rule has been declared. In *Champer* v. *State*, 14 Ohio St 437, it was held that an indictment against A. for an assault and battery on B. was not sustained by evidence that A. assaulted and beat B. in a fight at fisticuffs, by agreement between them. This is the substance of the report, and the facts are not disclosed. No reasons are given or cases cited in support of the proposition, and we cannot but regard it as opposed to the weight

of authority.   In *State* v. *Beck*, 1 Hill, (S. C.) 363, the opinion contains statements of law in which we cannot concur.

*Exceptions overruled.*