### SHAY VS. THOMPSON.

*January 30 — February 19, 1884.*

ASSAULT AND BATTERY.    *(1) Mutual consent to fight.    (2) Self-defense.*
*(3) Damages.*

1. If two persons, by mutual consent, in anger, fight together, each is liable to the other for actual damages. The fighting being unlawful, the consent of either party is no bar to his action.
2. In an action for an assault and battery, instructions upon the question of self-defense, which left entirely out of consideration the degree of force used by the defendant, are *held* to have been properly refused.
3. In an action for an assault and battery, where the plaintiff's injuries were serious and probably permanent, and materially impaired his capacity for labor, an award of $500 damages is *held* not excessive.

APPEAL from the Circuit Court for *Grant* County.

The case is stated in the opinion.

For the appellant there was a brief by *Bushnell & Watkins,* and oral argument by *Mr. Watkins.* Upon the question of self-defense they cited: 2 Bish. Cr. Law, secs. 643, 646; 1 East P. C., 272; *U. S. v. Wiltberger,* 3 Wash. C. C., 515; *Nailor's Case,* Foster, Cr. L., 278; 3 Bl. Comm., 3; *McConaghy v. McMullen,* 27 Wis., 73; 2 Addison on Torts, sec. 792.

For the respondent there was a brief by *A. W. & W. E. Bell,* and oral argument by *Mr. A. W. Bell.*

LYON, J. The parties own adjoining farms and had a personal difficulty concerning the sufficiency of the line fence between their respective farms. On a certain Sunday in August, 1882, they met, quarreled about the fence, and fought. Although they were both old men, it is but just to say they fought with great spirit and brutality. The defendant is the larger and probably the stronger man, and

had the best of the fight. He gouged both eyes of the plaintiff, and it is claimed that the sight of one of them is permanently impaired. This action is to recover damages for such injuries. A trial in the circuit court resulted in a verdict and judgment for the plaintiff for $500 damages. The court denied a motion for a new trial. The defendant appeals from the judgment.

The only errors alleged are upon the charge to the jury, and the refusal of the court to give the jury certain instructions proposed on behalf of defendant. The testimony is conflicting as to the circumstances of the affray. We think the jury would have been justified in finding therefrom, either (1) the plaintiff commenced the affray; or (2) the defendant commenced it; or (3) the parties voluntarily fought; also, (4) if plaintiff commenced it, the defendant used unreasonable and unnecessary force and violence to repel it; and (5) that the injuries inflicted by the defendant upon the person of the plaintiff were cruel, brutal, and inhuman, and were maliciously and vindictively inflicted. The charge of the learned circuit judge covers these various and conflicting aspects of the case presented by the testimony. It is brief and terse, and we think is an accurate statement of the law of the case. The jury were instructed that if the plaintiff was the aggressor, the defendant might lawfully resist the attack by the use of all the force necessary to defend himself against it, but if he exceeded the limits of lawful self-defense he was liable for the injuries caused by such excess. They were also properly instructed as to the elements of compensatory damages in such cases and the rule of exemplary damages. That the testimony tended to prove a state of facts, which if found by the jury authorized them to award exemplary damages, we cannot doubt.

The jury were also instructed as follows: "If two, in anger, fight together, each is liable to the other for the actual injury inflicted. If you find that the plaintiff and de-

fendant by common consent, in anger, fought together, and that the plaintiff was actually injured in said fight by the defendant, the plaintiff is entitled to recover from the defendant the actual damages resulting from said injury, but not exemplary damages." This instruction is fully sustained by the authorities cited by counsel for the plaintiff. These are 2 Greenl. on Ev., § 85; *Comm. v. Collberg*, 119 Mass., 350; *Adams v. Waggoner*, 33 Ind., 531; *Stout v. Wren*, 1 Hawks, 420; *Bell v. Hansley*, 3 Jones Law (N. C.), 131; Exodus, xxi, 18, 19. These authorities go upon the principle that the fighting being unlawful, the consent of the plaintiff to fight is no bar to his action, and he is entitled to recover. We believe the rule is one of sound public policy, and we do not hesitate to incorporate it into the jurisprudence of this state.

The circuit judge refused to give the following instructions asked on behalf of defendant:

"If the plaintiff first assaulted, seized hold of, and struck the defendant, and the acts of the defendant against the plaintiff only continued while the plaintiff continued his assault, you will find for the defendant.

"If there is a preponderance of testimony to the effect that the plaintiff made the first assault, seized hold of, and struck defendant, and continued his hold on the defendant during all the time of the defendant's doing the acts complained of, refusing to let go, you will find for the defendant."

These proposed instructions entirely ignore the degree of force employed by the defendant, and make the time of its continuance, and not the violence of it, the only consideration. For this reason they were properly refused.

The testimony tends to show that the plaintiff's injuries were serious, and probably will be permanent, and that they materially impair his capacity to labor as he formerly had done. The jury might have so found. Under these circum-

stances we cannot say the damages awarded by the jury are excessive, even though the recovery had been confined to compensatory damages.

*By the Court.*— The judgment of the circuit court is affirmed.