ALONZO L. GROTTON *vs.* JOHN S. GLIDDEN.

Knox.　　Opinion August 13, 1892.

*Action.　Assault and Battery.　Damages.　Verdict.*

</div>

If two persons engage voluntarily in a fight, either can maintain an action against the other to recover damages for the injuries he may receive.

The fact that the fight was voluntary is admissible in evidence, as are many other facts, to keep down the amount of the punitive damages, but not to reduce the actual damages.

Where the jury return a verdict irregular in form it is within the power of the court to require them before it is affirmed to retire and reduce their finding into the proper form.

ON MOTION AND EXCEPTIONS.

This was an action of trespass for an assault and battery tried to a jury in this court sitting in Knox county.

The jury returned into court, after the case had been committed to them, with a verdict in the following form :

"The jury find that the defendant is not guilty in manner and form as the plaintiff has declared against him but assess damages for the plaintiff in the sum of fifty dollars for excessive treatment."

Before affirming the verdict, the presiding justice instructed the jury that the verdict was not in proper form and gave them directions in full as to how it should be made out. The jury came in a second time when the following colloquy took place :

"Court : You simply were to return and make your verdict in form on the proper blank.

"Foreman : The idea was that we considered this defendant guilty of excessive treatment.

"Court : I simply instruct you this : if you find for the plaintiff, under any circumstances, you must fill out the verdict in

favor of the plaintiff and state the damages you find. If you do not find anything for the plaintiff under the instructions which I have given you, and the evidence in the case, you simply say "not guilty."

"Foreman : After making the report we did, have the jury a right to change their verdict?

"Court: Was the verdict which you brought into court the one which you agreed upon?

"Foreman : Of course.

"Court: Then I instruct you to put it in form as I have instructed you before."

The jury thereupon retired and returned into court a verdict for the plaintiff in regular form, assessing damages at fifty dollars.

The defendant excepted to the instructions of the court.

*H. Bliss, Jr. and W. A. Fogler*, for plaintiff.

Verdict: Counsel cited : *Ward* v. *Bailey*, 23 Maine, 318 ; *Goodwin* v. *Appleton*, 22 *Id*. 453 ; *Doe* v. *Scribner*, 36 *Id*. 168 ; *Beal* v. *Cunningham*, 42 *Id*. 362 ; *Readfield* v. *Shaver*, 50 *Id*. 36 ; *Hoey* v. *Candage*, 61 *Id*. 257 ; *Blake* v. *Blossom*, 15 *Id*. 394 ; *Bolster* v. *Cummings*, 6 *Id*. 85 ; *Pritchard* v. *Hennesey*, 1 Gray, 294 ; *Capen* v. *Stoughton*, 16 Gray, 364 ; *Root* v. *Sherwood*, 6 Johns. 68 ; *Blackley* v. *Sheldon*, 7 Johns. 32.

*L. M. Staples*, for defendant.

The jury after hearing the testimony said the defendant was not guilty. They said so a second time, and that verdict should have been affirmed and recorded. The finding by the jury was changed by the instructions from what they intended. It was not their verdict.

WALTON, J. This is an action to recover damages for an assault and battery. The plaintiff has obtained a verdict for fifty dollars, and the case is before the law court on motion and exceptions by the defendant.

The evidence satisfies us that the plaintiff's injuries were received while he and the defendant were engaged in a voluntary fight. The defendant contends that he acted only in self-defense. But the evidence satisfies us that the fight was voluntary on the

part of both parties. This brings us to the question whether, if two persons engage voluntarily in a fight, either can maintain an action against the other to recover damages for the injuries he may receive. We think he can. It seems to be settled law that each may maintain an action against the other. It is familiar law that each may be punished criminally. And it seems to be equally well settled that, by the rules of the common law, each may have an action against the other and recover full damages for all the injuries he received. The fact that the fight was voluntary is admissible in evidence, as are many other facts, to keep down the amount of the punitive damages, but not to reduce the actual damages.

In *Boulter* v. *Clark*, cited in Buller's Nisi Prius, p. 16, the court held that the fighting being unlawful, the consent of the plaintiff to fight, if proved, would be no bar to his action, and that he was entitled to a verdict for the injury done him.

In *Matthew* v. *Ollerton*, Comb. 218, the court held that " if a man license another to beat him, such license is void, because it is against the peace."

In *Stout* v. *Wren*, 1 Hawks, 420 (9 Am. Dec. 653), the court held that where two fight by consent, the one who is beaten may recover damages ; for, fighting being an unlawful act, the consent is void. In that case the plaintiff and the defendant quarrelled and agreed to fight, the defendant asking the plaintiff if he would clear him of the law, and the latter answering yes. Mr. Justice Hall thought that, upon principle, the maxim, *volenti non fit injuria*, ought to apply ; but conceded that the law seemed to be the other way, and acquiesced in the opinion of Chief Justice Taylor, that the action was maintainable.

In *Dole* v. *Erskine*, 35 N. H. 503, the court held that a recovery may be had in cross-actions for the same affray ; by the party assailed for the assault first committed on him, and by the assailant for the excess of force beyond what was necessary for self-defense.

In *Adams* v. *Waggoner*, 33 Ind. 531 (5 Am. Rep. 230), the jury were instructed that if they should find from the evidence that the plaintiff and the defendant fought by agreement

or by mutual consent, such agreement would be no bar to the plaintiff's recovery of damages, but might be considered in mitigation of damages, but not to the extent of preventing the plaintiff's recovery of such damages as he actually sustained by the acts of the defendant; and the law court sustained the instruction. The same doctrine is held in *Logan* v. *Austin*, 1 Stew. 426; *Bell* v. *Hansley*, 3 Jones, N. C. 131; and *Com.* v. *Colberg*, 119 Mass. 350.

In *Shay* v. *Thompson*, 59 Wis. 540 (48 Am. Rep. 538), the plaintiff and defendant were neighbors, quarrelled about their line fence and had a fight. And it is stated in the opinion of the court that, although they were both old men, it was but just to say that they fought with great spirit and brutality. Both of the plaintiff's eyes were gouged, and the sight of one of them permanently impaired. He recovered a verdict for five hundred dollars which the court sustained, holding that where two fight in anger, by consent, each is liable to the other for actual damages.

In the present case, the evidence shows that the plaintiff and the defendant had been on unfriendly terms for many years. The defendant had fastened upon the plaintiff the name of "Hog Back," and had expressed great satisfaction on learning that the latter was about to move out of the neighborhood. The plaintiff had called the defendant a hypocrite in religion, and expressed a long felt desire to punch his head. They met in the highway, and the result was, first an altercation, and then a fight, each one being as ready and as willing to enter into the fight as the other. The plaintiff got the worst of it. The defendant testified that he escaped with no other damage than a torn shirt collar. The plaintiff went home with two black eyes, a scratched face, a bruised head, a lame back, and a kick on the lower part of his abdomen, which caused him to pass bloody urine. Surely, if the defendant escapes with a verdict against him of only fifty dollars, he may think himself lucky. His plea of "self-defense" makes quite as feeble an impression on the court as it seems to have made on the jury.

It appears from the bill of exceptions that the presiding

justice had considerable difficulty in making the jury understand that they could not give the plaintiff damages, and by the same verdict find the defendant not guilty. But he finally succeeded, and obtained a verdict in proper form. The course pursued by the presiding justice was entirely proper.

*Motion and exceptions overruled.*

*Judgment on the verdict.*

PETERS, C. J., VIRGIN, EMERY, FOSTER and HASKELL, JJ., concurred.