## HENRY S. FOOTE v. F. WOODWORTH.

JANUARY TERM, 1894.

*Evidence.    Error in excluding.    What exceptions must
show.    Charge of Court.    Correction of
error in verdict.*

1.  The plaintiff claimed damages for the condition of certain
    jars due to their improper burning.    The defendant claimed
    that their condition was due to the fact that they had been
    packed away for three or four years in a dirty and greasy
    condition, and introduced evidence to this effect.    It
    was conceded that the jars had been stored for three or
    four years without using.    To meet this testimony of the
    defendant the plaintiff introduced a witness who testified
    that he had examined the jars and had rubbed a piece of
    paper around upon the inside.    *Held*, that the exclusion
    of this piece of paper by the court was not error, it not ap-
    pearing, by an offer to show or otherwise, when the exam-
    ination had been made nor what the condition of the paper
    was.

2.  The evidence tending to show that the damages for which the
    plaintiff sought recovery were caused in whole or in part
    by his own carelessness, it was proper for the court to tell
    the jury that, in so far as the damages were due to the
    plaintiff's negligence he could not recover.

3.  The jury returned a verdict for the defendant, "the defend-
    ant paying his own costs."    Thereupon the court said to
    the jury that costs must follow the verdict and that they
    might reconsider the case.    The jury then returned a ver-
    dict for the defendant to recover his costs.    *Held*, no
    error.

Assumpsit.    Plea, the general issue.    Trial by jury at
the June term, 1893, Addison county, TYLER, J., presiding.

Verdict and judgment for the defendant. The plaintiff excepts.

The plaintiff sued on an implied warranty of four hundred stone jars furnished by the defendant to the plaintiff for packing and storing of butter. The first exception relied upon by the plaintiff was stated in the bill of exceptions as follows:

"The plaintiff relied on and introduced evidence tending to show the fact that, while using them for the purpose aforesaid, the first season after receiving them, some few of said jars showed a little flaking of the glazing; that he used them the next season and then packed them up in the storage house, where they remained for three or four years without inspection; that when he inspected them again they were practically worthless and in a ruinous condition, because of the flaking of the glazing and the falling to pieces of the jars in handling. This was the defect complained of and the plaintiff introduced evidence tending to show that the said defect was caused by the improper burning of said jars in the process of manufacture. The defendant did not controvert the plaintiff's evidence as to the condition of the jars, but claimed that it was not due to any fault in the manufacture, and relied on and introduced evidence tending to show that the jars in question were put up and stored by the plaintiff in so negligent a manner as to cause the flaking of the glazing and the breaking of the jars, especially claiming and introducing evidence tending to show that the damage was due to the dirty and greasy condition in which the jars were put up and stored by the plaintiff. The plaintiff denied that said jars were put up and stored in such a condition and in rebuttal introduced as a witness one George Hammond, who testified as follows:

"Q. You testified that you had been up and examined these jars?

"A. Yes, sir.

"Q. Did you examine these jars with regard to whether they were greasy or not?

"A. Yes, sir.

"Q. Will you state to the jury what?

"A. I had some white paper in my pocket and rubbed it around on the inside of them, and I thought they were a

very clean lot of jars for the amount of time they had been standing.

"Q. Have you got that paper with you?

"A. There was so many different jars, I rubbed it around two or three times on the inside of the jars.

"The plaintiff's attorney offered this paper in evidence, to which the defendant objected, and it was excluded by the court. To this ruling the plaintiff excepted."

The plaintiff excepted to the following part of the charge :

"It has been claimed that the plaintiff's own negligence in the care of these jars might have contributed to producing their condition. If you should find that he was wanting in the care of these jars, why, then you will say how much his want of care contributed to this condition ; and, if he is entitled to damages, how much less should be received than he would have received if he had used proper care over them ; and your minds are directed to whatever evidence there is in the case as to any want of care, whether this was a suitable place to store them, or whether this evidence discloses any want of care on his part in storing them, putting them away in a proper condition ; whether there is any negligence shown on his part in the matter of caring for these jars."

The jury, after having considered the case, returned the following verdict :

"In this case the jury say that the defendant did not assume and promise in manner and form as the plaintiff in his declaration hath alleged, and the defendant paying his own costs."

The verdict was read by the clerk in open court and handed to the presiding judge, who said to the jury that they were evidently laboring under a misapprehension ; that the jury had no control over costs, which must follow the event of the suit, and that they might retire and further consider their verdict. The jury then retired and after a time returned into court with this verdict :

"In this cause the jury say that the defendant did not assume in manner and form as the plaintiff in his declaration

hath alleged; they therefore find for the defendant to re-
cover of the plaintiff his costs."

This the court received against the exception of the
plaintiff. The plaintiff then filed a motion in arrest, for that
the verdict had been improperly taken. The court over-
ruled the motion and gave judgment on the verdict, to which
the plaintiff excepted.

*Button & Button* for the plaintiff.

The piece of paper was admissible. Stark. Ev., Part 1,
s. 7; *Richardson* v. *Royalton*, 6 Vt. 504; *Tufts* v. *Chester*,
62 Vt. 356; *Walker* v. *Westfield*, 39 Vt. 246; *Kent* v. *Lin-
coln*, 32 Vt. 597; *State* v. *Flint*, 60 Vt. 304; *State* v. *Rob-
erts*, 63 Vt. 142; *People* v. *Larned*, 7 N. Y. 452; *Gardner*
v. *People*, 6 Park Cr. (N. Y.) 209; *People* v. *Muller*, 32
Hun. 209; *State* v. *Wieners*, 66 Mo. 29; *Gardner* v. *Peo-
ple*, 6 Park Cr. (N. Y.) 452; *State* v. *Woodruff*, 67 N. C.
89; *Mulhado* v. *Brooklyn City Railroad Co.*, 30 N. Y.
370; *Barker* v. *Perry*, 67 Ia. 146; *Line* v. *Taylor*, 3
Frost & Fin. 731; *Theological Society* v. *Dubuque*, 64 Ia.
736; *Marcy* v. *Barnes*, 16 Gray 162; *Reddin* v. *Gates*, 52
Ia. 210; *Strum* v. *Hummel*, 39 Ia. 482; *Dyson* v. *Railroad
Co.*, 57 Conn. 10; *Curtis* v. *Ayrault*, 3 Hun. 490; *Mum-
sell* v. *Baldwin*, 56 Conn. 522; *Philadelphia* v. *Rule*, 93
Penn. 17.

The charge upon the subject of damages was erroneous.
Sedg. Dam., s. 766, 8th Am. Ed.; *Pinney* v. *Andrus*, 41
Vt. 644; *Beeman* v. *Banta*, 118 N. Y. 541; *Sprout* v.
*Newton*, 48 Hun. 211; *Seigworth* v. *Leffel*, 76 Pa. 480;
*Cary* v. *Gruman*, 4 Hill 626; Hare Cont., 566, 567; *Mul-
ler* v. *Eno*, 4 Kernan 604; *Murray* v. *Jennings*, 42 Conn.
13; *Atkins & Co.* v. *Cobb*, 56 Ga. 90; *Brown* v. *Bigelow*,
10 Allen 244; *Hunt* v. *Van Deusen*, 42 Hun. 393; *Hook* v.
*Stovall*, 26 Ga. 713; *Medbury* v. *Watson*, 6 Met. 256.

The court could not permit the verdict to be amended. Thomp. Tr., ss. 2642, 2633; *Montgomery* v. *Maynard*, 33 Vt. 455; *Germond's Admr.* v. *Central Vermont Railroad Co.*, 65 Vt. 134.

*Hard & Bliss* for the defendant.

The exceptions do not show that the plaintiff was injured by the exclusion of the paper, hence the case should not be reversed on that ground. *Roach* v. *Caldbeck*, 64 Vt. 496.

The part of the charge excepted to was sufficiently favorable to the plaintiff. *Harrigan* v. *Clarksburg*, 150 Mass. 218.

There was no error in the correction of the verdict. *Grotton* v. *Glidden*, 84 Me. 589; *Tucker* v. *Cochran*, 47 N. H. 54; *Allen* v. *Aldrich*, 9 Foster 75, 76; *Lincoln* v. *Hapgood*, 11 Mass. 358; Hill New Trials, 108, 114; *Hanson* v. *Jacques*, 29 Ind. 208; *Montgomery* v. *Maynard*, 33 Vt. 450; *Germond* v. *Central Vermont Railroad Co.*, 65 Vt. 126.

THOMPSON, J. I. The issue was whether the ruinous condition of the jars four or five years after the plaintiff purchased them was the result of improper burning in the process of manufacture, or was caused, as claimed by the defendant, by their having been put up and stored by the plaintiff for three or four years in a dirty and greasy condition. To meet this claim of the defendant the plaintiff improved Hammond as a witness whose evidence tended to prove that he had examined the jars in regard to their being greasy or not, and in making his examination had rubbed a piece of white paper around on the inside of some of the jars. The plaintiff offered this paper in evidence and it was excluded, to which he excepted. The plaintiff's evidence tended to prove that, after being last used by him, the jars had been

packed in a storage house, and had remained there three or four years. To have rendered the paper admissible it must have appeared that the jars to which it was applied were then in substantially the same condition in regard to being dirty and greasy as they were when packed. There was no offer to show such was the fact, or to show when Hammond made his examination. It cannot be presumed that there was evidence in the case which made the paper admissible, for that would be to presume error when the presumption is to the contrary unless it is shown affirmatively by the record. We think the true rule is that, to assign legal error in the exclusion of evidence, the exceptions must show affirmatively that, in the then present aspect of the case, the evidence excluded was admissible, without an offer to introduce other evidence which would make it admissible.

Again, it does not appear that the paper would have tended to prove any fact beneficial to the plaintiff. It may have been perfectly clean, or it may have been discolored by dirt and grease, or it may have been in some other condition. There was no error in excluding it. *Foster's Exrs.* v. *Dickerson*, 64 Vt. 233; *Roach* v. *Caldbeck*, 64 Vt. 593; *Carpenter* v. *Willey*, 65 Vt. 168.

II. The extract from the charge to which the plaintiff excepted does not purport to be all that the court said on the subject of damages, and it is to be taken that the general rule in respect to the measure of damages in a case like this was correctly stated.

The plaintiff claimed that the jars were then practically worthless, and that the defendant was responsible for their being in that condition; while, on the other hand, the defendant contended that their condition was not the result of his fault, but of the plaintiff's negligence. By this part of the charge the jury were in effect told that if they found the defendant was liable, yet, if the ruinous condition of the jars was in part caused by the negligence of the plaintiff,

he could not recover for such damages as he had sustained by reason of his own negligence, but only for such as he had sustained by reason of the defendant's fault. This was a proper caution in view of the respective claims of the parties. It was not reversible error to thus charge.

III. There was no error in permitting the jury to correct their verdict in respect to costs. The jury went out of their province in awarding costs, and the court might, in the first instance, have treated that part of the verdict as surplusage.

The motion in arrest of judgment was also properly overruled. *Montgomery* v. *Maynard*, 33 Vt. 450 ; *Germond* v. *C. V. R. R. Co.*, 65 Vt. 126 ; *Grotton* v. *Glidden*, 84 Me. 589 ; 24 Atl. Rep. 1008 ; *Allen* v. *Aldrich*, 9 Foster (N. H.) 75 ; *Tucker* v. *Cochran*, 47 N. H. 54 ; *Lincoln* v. *Hapgood*, 11 Mass. 358 ; *Hanson* v. *Jacques*, 29 Ind. 208 ; Hilliard New Trials, 108, 118.

*Judgment affirmed.*