CASE 89—PETITION ORDINARY—JANUARY 16.

# Goldnamer, &c., v. O'Brien by, &c.

APPEAL FROM HARDIN CIRCUIT COURT.

CONSENT TO ASSAULT—INDUCING ANOTHER TO SUBMIT TO ABORTION.—
One can not maintain a civil suit to recover damages for an assault to which he consented.

In this action by which the plaintiff sought to recover damages of the defendants for inducing her to submit to an alleged abortion on her person by a physician procured by them, her pregnancy not being attributable to either of the defendants, as there was testimony tending to show that plaintiff voluntarily left her home in Elizabethtown and went to Louisville in search of relief, and alike voluntarily submitted herself to the treatment of a physician, the court should have instructed the jury, as asked by defendants, that, if plaintiff voluntarily went to Louisville for the purpose of having the abortion performed on her the law is for defendants.

W. H. MARRIOTT AND JAMES C. POSTON FOR APPELLANTS.

The consent of plaintiff bars her right to recover for the alleged assault and the court should have so instructed the jury. (Duncan v. Commonwealth, 6 Dana, 295; Pillow v. Bushnell, 5 Barb., 156; Latter v. Bradwell 12 Cent. L. J., 282; Hagerty v. Shite, 8 Cent. L. J., 111; Cooley on Torts, 187; Smith v. State, 12 Ohio St., 466; Bishop on Non-Contract Law, sec. 196.)

W. R. HAYNES, J. D. IRWIN AND H. T. KENDALL FOR APPELLEE.

Consent to an unlawful act is no defense to an action for damages resulting therefrom. (Cooley on Torts, s. p. 163 and cases cited; Boulter v. Clark, Buller N. P. 16; Stout v. Wren, 1 Hawks, 420 (9 A. D., 653); Adams v. Waggoner, 33 Ind. 531 (5 Am. Rep., 230); Commonwealth v. Collberg, 119 Mass. 530 (20 Am. Rep., 328); Shay v. Thompson, 59 Mo., 540 (48 Am. Rep., 538.)

JUDGE HAZELRIGG DELIVERED THE OPINION OF THE COURT.

The appellants were sued by the appellee, Sallie O'Brien, for inducing her to submit to an attempted abortion on her

person by a physician procured by them, and judgment was rendered for $1,700.

If we assume from the proof that the appellants did in any way induce the appellee to resort to this method of hiding her shame, and they deny this most earnestly, it is clear from the testimony that she left her home in Elizabethtown and went to Louisville in search of this relief voluntarily, and alike voluntarily submitted herself to the treatment of a physician.

Her pregnancy was not attributable to either of the appellants and, at most, they may have urged the Louisville trip as the only means of securing the desired result, and may have furnished money and otherwise assisted the plaintiff in the accomplishment of her purpose. While it is not directly shown that either of them employed or otherwise procured the physician, and such a conclusion is based on the barest inference, yet this question is properly submitted to the jury, and we shall assume such a state of fact.

Waiving other questions, the important one in this appeal is, can the plaintiff maintain this action? Or rather, as the petition avers an abduction and an attempted abortion, against the plaintiff's will and consent, the question is, is she entitled to a judgment upon the state of fact thus assumed to exist, and apparently found to exist by the jury? The right to recover is of course clear unless it is destroyed by the complainant's consent to the assault, and whether this affects the right is a question of much conflicting authority.

It may be stated generally that the suit of a wrongdoer will be rejected when seeking redress for another's having participated with him in the wrong. Thus a woman who immorally yields to her seducer can not sue because she consented to and participated in the wrong whereof she

complains. (Bishop on Non-contract Law, section 57; Cline & Co. v. Templeton, 78 Ky., 550.) The author last quoted further says (section 196) that "rape, one of the most ag- gravated batteries, is, if the woman consents, neither rape nor even assault," and that "the execution of any unlawful contract places it past annulment, and leaves no right of action in either party against the other. So that, though a mutual beating by consenting parties is a wrong against the public, because a breach of the peace, it is not such as between themselves; since neither can complain of that to which he consented." And the learned author after citing a number of American and English cases to sustain the text adds: "Such is the distinct and inevitable deduction of the reasoning of the law; applicable, however, in all its con- sequences, only where the beating was not in excess of the consent. But we have American cases in which the judges have overlooked the distinction between the civil and crim- inal remedy, and so have held that one may maintain his civil suit for a battery to which he consented and in which he participated. Decisions like these, proceeding on a mis- apprehension, and overlooking established law not brought to the notice of the judges, should not be followed in future cases."

To the same effect Mr. Roscoe says (1 Ros. Cr. Ev., 306): "In consequence of the natural desire not to permit a flagrant act of immorality to go unpunished, an attempt has fre- quently been made to treat that as an assault which is con- sented to on the part of the person who is the subject of the act. But on examination it will be found that there is no authority for such a position."

The author cites numerous authorities supporting the text, but points out that not every act of submission implies consent. Thus, from the mere submission of a child or

person of weak mind, consent is not necessarily to be presumed. In the case at bar, however, it would be too much to say that the act of the complainant was not willingly and intentionally done.

In 1 Wait's Actions and Defenses (page 344, section 11) it is said: "An assault implies force upon one side, and repulsion, or, at least, want of assent on the other. (An assault upon a consenting party would, therefore, be a legal absurdity.")

On the other hand, Mr. Cooley, in his work on Torts (page 163), says: "Consent is generally a full and perfect shield when that is complained of as a civil injury which was consented to. A man can not complain of a nuisance, the erection of which he concurred in or countenanced. * * * But in a case of a breach of the peace it is different. The State is wronged by this, and forbids it on public grounds. If men fight, the State will punish them. If one is injured, the law will not listen to an excuse based on a breach of the law. * * * The rule of law is, therefore, clear and unquestionable that consent to an assault is no justification." And one wounded in a duel is said by the learned author to have a cause of action for damages against his adversary, for a consent which the law forbids can not be accepted as a legal protection. Some of the cases cited by the author, however, are criminal prosecutions, but others support the text.

These authorities seem to be irreconcilable. While we readily appreciate the argument that, so far as the State is concerned, no consent can be pleaded in justification, we have not been able to understand how, in a civil suit, in which the party consenting alone is interested, compensation can be allowed by the law. If both parties to the action are violators of the law, must the mouth of one be

closed and the complaint of the other heard?  The parties stand on an exact equality before the law, and, if one wrongfully consented to beat another, the other as wrongfully consented to be beaten.

In a late work on this subject it is said: "Harm suffered by consent is not, in general, the basis of a civil action. * * * If the defendant is guilty of no wrong against the plaintiff except a wrong invited and procured by the plaintiff for the purpose of making it the foundation of an action, it would be most unjust that the procurer of the wrongful act should be permitted to profit by it." (1 Jaggard on Torts, 199.)

In Duncan v. Commonwealth, 6 Dana, 295 (1838), the defendant, to an indictment for an *affray*, pleaded a former conviction under ar. indictment for an *assault and battery*, and this court said: "As an *affray* is a disturbance of the public peace by a fighting with the mutual consent of the combatants, it would be intrinsically improbable that a conviction for an assault and battery—which would not be authorized unless there had been a trespass without the consent of the person injured—had been adjudged as a punishment for an act which should be deemed an affray."

And while in that case and the quotation from Roscoe as well, the law in criminal cases was being considered, and the rule as laid down is not now followed, the authority strongly tends to support the principle that at least the party consenting to the injury can not profit by his wrongful act.

The instruction, therefore, asked by the appellants that if the plaintiff voluntarily went to Louisville for the purpose of having the alleged abortion performed on her, the law was for the defendants, should have been given.

Judgment reversed for proceedings consistent with this opinion.