HENRY LUND v. HENRY TYLER, Appellant.

**Assault:** AGREEMENT TO FIGHT NO DEFENSE TO DAMAGES. In an action to recover damages for an assault, the fact that plaintiff challenged defendant to the combat, used insulting language, and by words and actions invited the fight, is no defense.

MEASURE OF DAMAGES: *Loss of time from the business of fishing.* Where plaintiff in an action for damages for assault was engaged in fishing for a living, and testified that he had lost two week's time in consequence of his injuries, the business was not of such speculative character as to render evidence of the reasonable worth of plaintiff's time inadmissible.

*Appeal from Clinton District Court.*—HON. P. B. WOLFE, Judge.

SATURDAY, DECEMBER 21, 1901.

ACTION to recover damages for assault and battery. Verdict and judgment for plaintiff. Defendant appeals.— *Affirmed.*

*Hayes & Schuyler* for appellant.

*T. W. Hall* for appellee.

McCLAIN, J.—There was evidence tending to show that at the beginning of the fight which resulted in the injury to

plaintiff, the plaintiff had challenged the defendant to combat, using insulting language in doing so; and the principal complaint of appellant is of the refusal of the trial court to instruct that if plaintiff, by his actions and words, invited the fight in which he was injured, he cannot recover damages for such injuries. There seems to be some authority for such a proposition, and counsel for appellant have cited *Galbraith v. Fleming,* 60 Mich. 408 (27 N. W. Rep. 583); *Smith v. Simon,* 69 Mich. 481 (37 N. W. Rep. 518). But the weight of authority is that, where a combat involves a breach of the peace, the mutual consent of the parties thereto is to be regarded as unlawful, and as not depriving the injured party, or, for that matter, each injured party, from recovering damages for injuries received from the unlawful acts of the other. *Shay v. Thompson,* 59 Wis. 540 (18 N. W. Rep. 473, 48 Am. Rep. 538); *Stout v. Wren,* 8 N. C. 420 (9 Am. Dec. 653); *McCue v. Klein,* 60 Tex. 168 (48 Am. Rep. 260); *State v. Burnham,* 56 Vt. 445 (48 Am. Rep. 801). This view of the law is stated without qualification in Cooley, Torts (2d Ed.) 187. Insulting conduct and language of the plaintiff towards the defendants might, no doubt, have been considered in mitigation of damages, if so pleaded; but that question was not presented in the lower court.

Plaintiff, as a witness, testified that at the time of the injury he was engaged in fishing for a living, and that he lost two weeks' time in consequence of defendant's acts. Appellant argues that plaintiff was improperly allowed to answer as to the reasonable worth of his time.

Certainly plaintiff might recover for loss of earnings during the time. The business was one involving, not speculative profits, but mainly the personal efforts of the plaintiff, the profits in which could be considered as earnings, and therefore loss of time therein might be shown as resulting in loss of earnings. *Kinney v. Crocker,* 18 Wis. 82. It seems to us that the question properly called for an answer as to

what plaintiff's reasonable earnings during such time would have been. If defendant desired more specific information, he could have secured it by cross-examination.

Other objections to evidence seem to us not to raise any question on which a discussion of the law would be profitable. —Affirmed.