Matthias, J.
 

 For the purpose of considering and determining the question of first importance in this case, we are assuming that the inference rationally and properly may be drawn from the averments of the petition that the alleged criminal operation was performed with the consent of Iva J. Triplett, and, therefore, that she participated in the doing of the wrongful act which caused the injury resulting in her death.
 

 This suit is maintainable only by virtue of the provisions of Sections 10770 and 10772, General Code, which authorize such action in the name of the personal representative on behalf of the next of kimi of one whose death was caused by wrongful act in any case where such person whose death was so caused would have been entitled to maintain an action to recover damages for the injury had death
 
 *386
 
 not ensued. Had Iva J. Triplett not died from the injury alleged to have been caused her by said illegal operation, would she have been entitled to recover damages from the defendant for the injury resulting from such operation? That is the specific question presented. It must be conceded that if she consented to such illegal operation she thereby participated in the wrongful act, and under our statute became an aider and abettor in the crime and liable as a principal offender. Section 12380, General Code;
 
 State
 
 v. McCoy, 52 Ohio St., 157, 39 N. E., 316.
 

 It is contended that the rule of law embodied in the legal maxim, ‘ ‘
 
 Volenti non fit injuria,”
 
 liberally translated “that to which a person assents is not esteemed in law an injury,” applies, and that by reason thereof, Mrs. Triplett, having assented to the doing of the wrongful act, could not have recovered for the resulting injury had she survived. The general rule as stated by authors on the subject is that whosoever by his pleadings in a court of justice avows that he has been engaged with others in an unlawful act, or has consorted with them in an unlawful enterprise, in which he has been unfairly treated by them or suffered an injustice which they should redpess, will be met by the refusal of the court to 'look any further than his complaint. It is in substance so stated by 1 Cooley on Torts (3d. Ed.), p. 261. The reasons assigned for the rule being the discouragement of illegal transactions by apprising every person who engages therein of the risk he assumes, and giving bim to understand that whoever takes part in an illegal transaction does so under a responsibility
 
 *387
 
 measured by the whole extent of the injury or loss and cannot hope to secure contribution from those engaged with him in the wrongful enterprise. And the further reason is assigned that the state should not supply courts and officers and incur expense to indemnify any one from loss he has encountered through a violation or disregard of the law. The rule here announced was applied by this court in the case of
 
 Kahn, Jr.,
 
 v.
 
 Walton,
 
 46 Ohio St., 195, 20 N. E., 203. Cooley further illustrates the rule by citing eases where two persons engage in some unlawful enterprise or. action, in the prosecution of which one is injured by the fraud or negligence of the other. In such case, as stated in
 
 Kahn, Jr.,
 
 v.
 
 Walton, supra,
 
 the court will aid neither party to such transaction.
 

 But while, as a general rule, where it appears that the ground of complaint of the plaintiff has been induced by that to which he has assented he cannot recover, it is otherwise when the public peace or the life or person of a citizen is involved. The rule applicable under such circumstances is clearly stated by 1 Cooley on Torts (3d Ed.), p. 282, as follows:
 

 “The life of an individual is guarded in the interest of the state, and not in the interest of the individual alone; and not his life only is protected, but his person as well. Consent cannot justify an assault. * * *
 
 Volenti non fit injuria.
 
 But if he had no right or power to consent, and the consent expressed in words was wholly illegal and void, the question then is, how a consent which the law forbids can be accepted in law as a legal protection?
 

 
 *388
 
 “Consent is generally a full and perfect shield when that is- complained of a,s a civil injury which was consented to. A man cannot complain of a nuisance, the erection of which he concurred in or countenanced. He is not injured by a negligence which is partly chargeable to his own fault. A man may not even complain of the adultery of his wife, which he connived at or assented to. * * * These cases are plain enough, because they are cases in which the questions arise between the parties -alone.
 

 “But in case of a breach of the peace, it is different. The state is wronged by this, and forbids it on public grounds. If men fight, the state will punish them. If one is injured, the law will not listen to an excuse based on a breach of the law. There are three parties here, one being the state, which, for its own good, does not suffer the others to deal on a basis of contract with the public peace. The rule of law is therefore clear and unquestionable, that consent to an assault is no justification. * * * The exception to this general rule embraces only those cases in which that to which assent is given is matter of indifference to public order. ’ ’
 

 Hence it has been frequently held that one may not lawfully consent to the taking of his own life by another, and so one may not in such case plead a previous arrangement and voluntary exposure to death by agreement, for the life of an individual is guarded in the interest of the state, and, not his life only, but his person as well.
 

 By the great weight of authority consent will not avail as a defense even in a civil suit for
 
 *389
 
 damages for personal injury, although, it is permitted to be shown in mitigation of damages. In the following oases this proposition is supported and applied:
 
 McNeil
 
 v.
 
 Mullin,
 
 70 Kan., 634, 79 Pac., 168;
 
 Lund v. Tyler,
 
 115 Iowa, 236, 88 N. W., 333;
 
 Adams
 
 v.
 
 Waggoner,
 
 33 Ind., 531, 5 Am. St. Rep., 230;
 
 Morris
 
 v.
 
 Miller,
 
 83 Neb., 218, 119 N. W., 458, 20 L. R. A. (N. S.), 907, 131 Am. St. Rep., 636, 17 Ann. Cas., 1047;
 
 Lizana
 
 v.
 
 Lang,
 
 90 Miss., 469, 43 South., 477;
 
 Grotton
 
 v.
 
 Glidden,
 
 84 Me., 589, 24 Atl., 1008, 30 Am. St. Rep., 413;
 
 Lewis
 
 v.
 
 Fountain,
 
 168 N. C., 277, 84 S. E., 278; and
 
 Dole
 
 v.
 
 Erskine,
 
 35 N. H., 503.
 

 This court has also heretofore clearly and concisely ruled upon this question in the case of
 
 Barholt
 
 v.
 
 Wright,
 
 45 Ohio St., 177, 12 N. E., 185, 4 Am. St. Rep., 535, the syllabus of which is:
 

 “In a suit to recover damages for an assault and battery, the fact that the parties fought by agreement, may be shown in mitigation of damages but is no bar to the action.”
 

 The rule stated is directly applied by the Supreme Court of Wisconsin in the case of
 
 Miller
 
 v.
 
 Bayer,
 
 94 Wis., 123, 68 N. W., 869, a case similar to the one now under consideration, and it is there stated in the syllabus that “consent by one person to the performance of an unlawful act upon him by another does not constitute a defense to an action to recover the damages which he thereby sustained.”
 

 A decision of the Supreme Court of Kentucky in the case of
 
 Goldnamer
 
 v.
 
 O'Brien,
 
 98 Ky., 569, 33 S. W., 831, 36 L. R. A., 715, 56 Am. St. Rep., 378, holds the contrary; but that decision seems to be
 
 *390
 
 contrary to reason and the weight oí authority in this country.
 

 If, then, consent will not avail as a defense in any civil suit for damages for personal injury, certainly no argument is required to demonstrate that an act which is designed to take the life of one, and necessarily endanger the life of another, and is violative not only of good morals but of the criminal laws of the state, is not one from the consequences of which he who commits the act may be relieved by reason of the previous consent of the person injured. It is quite obvious that the case of
 
 Oberlin
 
 v.
 
 Upson,
 
 84 Ohio St., 111, 95 N. E., 511, Ann. Cas., 1912B, 106, can have no application here, for the act upon which the suit for damages was based did not constitute a crime and clearly did not come within the rule above stated.
 

 It is our opinion, therefore, that even assuming that the inference may rationally and properly be drawn from the averments of the petition that the deceased acquiesced in, or even consented to, the criminal act complained of, the petition is good as against a demurrer, for which reason the motion for judgment for the defendant on the pleadings should have been overruled.
 

 The trial court refused leave to file the amended petition proffered, although requested prior to the ruling of the court upon the motion for judgment upon the pleadings. Such refusal was evidently based upon the theory that the second cause of action in the original petition did not contain facts sufficient to warrant a recovery on the claim of malpractice, and such claim having been barred by the statute should not thereafter be permitted
 
 *391
 
 to be asserted by amendment. ■ The pleader by adopting the allegations of his first cause of action as a part of his second cause of action, a form of pleading which ought never be allowed, incorporated averments in the second cause of action irreconcilably inconsistent; but an attempt was then made to set up a cause of action for damages for malpractice, and it is clear that the proposed amendment did not change the cause of action essentially from that which the pleader had attempted to set up in the original petition. The treatment, actions, and omissions of the physician which the plaintiff set up as malpractice were alleged to have occurred during the nine days following the alleged illegal operation, and even under the view urged by counsel for defendant as to the effect of consent would not defeat any claim of plaintiff which could be proved without showing wrongful conduct on the part of the deceased as a part of plaintiff’s case.
 

 However, upon the broader ground heretofore stated, we base our conclusion that the judgment of the Court of Appeals is right and should be affirmed.
 

 Judgment affirmed.
 

 ' Marshall, C. J., Hay and Allen, JJ., concur.
 

 Wan am aker, J., not participating.