WACLAW SZADIWICZ, administrator, *vs.* IDA CANTOR.

Worcester.   September 30, 1926. — November 24, 1926.

Present: RUGG, C.J., BRALEY, CROSBY, CARROLL, & WAIT, JJ.

*Actionable Tort. Negligence,* In procuring miscarriage. *Wilful and Wanton Misconduct.*

If a woman voluntarily participates in an operation upon herself by another which causes a miscarriage and is followed by her death, the administrator of her estate, by reason of the fact that she joined in an act rendered a crime by G. L. c. 272, § 19, cannot maintain against the person performing the operation an action of tort for assault or for causing the death and conscious suffering either through negligence or through wilful or wanton misconduct.

CONTRACT OR TORT, with a declaration described in the opinion.   Writ dated March 4, 1924.

In the Superior Court, the action was tried before *Bishop,* J. Material evidence is stated in the opinion.   At the close of the evidence, the defendant moved that a verdict be ordered in her favor.   The motion was denied.   There was a verdict for the plaintiff in the sum of $2,000 on the count for causing death and $500 on the count for causing conscious suffering.   The defendant alleged exceptions.

The case was submitted on briefs.

*W. M. Quade,* for the defendant.

*J. M. Hoy, M. F. O'Connell, & W. L. Blake,* for the plaintiff.

BRALEY, J.   The jury could find that on February 6, 1924, the defendant performed an operation upon the plaintiff's intestate causing an abortion which not only destroyed embryonic life but brought on general septicemia, a germ disease, from which after a period of conscious suffering at a hospital where on February 11, 1924, she went for medical treatment, the intestate died February 26, 1924.   The medical evidence tended to show and it could be found that the defendant's mode of treatment was very dangerous and surgically unsound because of the use of "non sterile instruments" which would be an adequate cause for the intro-

duction of the germ into the intestate's system. The first count alleged that the defendant assaulted the intestate. The second count is for conscious suffering caused by the defendant's negligence. The third count further alleges that the intestate's death was caused by the defendant's negligence, while the fourth and fifth counts charge that the conscious suffering and death were due to the defendant's wilful and wanton misconduct. The defendant seasonably moved for a directed verdict and requested the judge to rule that on all the evidence the plaintiff could not recover; that the participation of the intestate in a criminal act bars recovery, and that, the intestate having voluntarily consented to the act, she assumed the risk. The motion and requests were denied and the jury returned a verdict awarding damages for her conscious suffering and death. The exceptions to the instructions not having been argued are treated as waived and the principal question is whether the motion was rightly denied.

The act of the defendant in causing the miscarriage, followed by death, is punishable under G. L. c. 272, § 19, by fine and imprisonment. If the decedent had survived, and the defendant had sued for services, the action could not have been maintained. *Hall* v. *Corcoran,* 107 Mass. 251, 253. *Myers* v. *Meinrath,* 101 Mass. 366. The act is made criminal by the statute even if the intestate consented, and it would be unnecessary in an indictment to charge an assault. *Commonwealth* v. *Snow,* 116 Mass. 47, 54. It was nevertheless a crime in which the decedent, although not an accomplice, was a participant. *Commonwealth* v. *Boynton,* 116 Mass. 343. *Commonwealth* v. *Brown,* 121 Mass. 69.

While there are decisions cited by counsel for the plaintiff which seem to hold that actions similar to the case at bar may be maintained, *Courtney* v. *Clinton,* 18 Ind. App. 620, *Adams* v. *Waggoner,* 33 Ind. 531, *Lembo* v. *Donnell,* 116 Maine, 505, *Milliken* v. *Heddesheimer,* 110 Ohio St. 381, *Miller* v. *Bayer,* 94 Wis. 123; it was said by Lord Mansfield in *Holman* v. *Jackson,* Cowp. 341, 343, followed in *Higgins* v. *McCrea,* 116 U. S. 671, 686, that "No court will lend its aid to a man who founds his cause of action upon an immoral or

illegal act. If from the plaintiffs' own stating, or otherwise, the cause of action appears to arise *ex turpi causa,* or the transgression of a positive law of this country, there the court says he has no right to be assisted. It is upon that ground the court goes not for the sake of the defendant, but because they will not lend their aid to such a plaintiff." "It is a question undoubtedly to be determined by the court upon considerations of public policy." *Myers* v. *Meinrath, supra,* page 369. The rule as pointed out in *Hunter* v. *Wheate,* 53 App. D. C. 206; 289 Fed. Rep. 604, and in *Levy* v. *Kansas City,* 168 Fed. Rep. 524, 525, where the authorities are exhaustively reviewed, is operative, whether the transaction relied on originates in contract, or in tort. In voluntarily participating in the procurement of a miscarriage upon herself, the intestate joined in an act prohibited by law, which bars recovery. *Foster* v. *Thurston,* 11 Cush. 322, 323. *Roll* v. *Raguet,* 4 Ohio, 400, 419. *Jackson* v. *Babcock,* 4 Johns. 418, 419. The exceptions are sustained, and judgment is to be entered for the defendant. G. L. c. 231, § 122.

*So ordered.*