### MARTIN *v.* HARDESTY, ADMINISTRATOR.

[No. 13,243. Filed November 22, 1928. Rehearing denied February 15, 1929. Transfer denied April 8, 1930.]

*Moses Leopold* and *George E. Hershman,* for appellant.
*Sheldon J. Brown* and *Hanley & Hanley,* for appellee.

REMY, J.—Action by appellee, Roy E. Hardesty, as administrator of the estate of Aretta Hardesty, against appellant for damages. Complaint in two paragraphs. First paragraph charges, among other things, that appellant, a practicing physician and surgeon, in consideration of $10 paid by Aretta Hardesty, then the wife of Roy E. Hardesty, performed an operation upon Aretta Hardesty for the purpose of procuring an abortion; that, within 48 hours, and as a result of the operation, Aretta Hardesty died; that surviving her are Roy E. Hardesty, her widower, aged 36, and three children aged, respectively, five, seven and nine years. The second paragraph is like the first, except that it is therein averred that, after the operation was performed, Aretta Hardesty went to her home, where the miscarriage took place, at which time, appellant was called to attend her as her physician and surgeon, and that, by reason of his negligence and lack of skill, in failing to wash his hands and sterilize

the instruments used, his treatment resulted in the death of the patient.

Demurrer to each paragraph of complaint having been overruled, and the cause put at issue by an answer in denial, a trial resulted in a judgment against appellant for $5,000.

The important question presented by this appeal is: Does the consent of a woman to the performance of an unlawful operation to produce an abortion, which results in her death, bar her legal representative from the prosecution of an action for damages against the one who performed the operation?

In this state, it is made a criminal offense, punishable by fine and imprisonment, to perform an operation upon a woman with intent to produce an abortion, unless the operation is necessary to save human life. §367 Criminal Code, §2435 Burns 1926. It is likewise a criminal offense for a woman to submit to an operation with intent thereby to procure an abortion. §368 Criminal Code, §2436 Burns 1926.

Section 292 Burns 1926 provides that, when the death of one is caused by the wrongful act or omission of another, the personal representative of the former may maintain an action therefor against the latter, if the former might have maintained an action, had he lived. Appellant calls attention to this statute and makes the contention that Aretta Hardesty, if she had lived, could not have maintained the action against appellant, for the reason that she consented to the illegal act of which complaint is made. In other words, appellant would apply the rule embodied in the legal maxim, *"volenti non fit injuria."* If that rule is applicable, the contention of appellant must prevail, otherwise the judgment must be affirmed.

At common law, the general rule was that the consent

to a tort was a complete shield against civil liability. To this rule there was an exception in the case of a battery; the reason given for the exception was that, because of the state's interest, neither party had the right to agree to a breach of the public peace, or to make any agreement to sacrifice his life or suffer injury to his person; that any such agreement was void. *Mathew* v. *Ollerton* (1724), 90 Eng. Repr. (Comb. 218) 438; *Stout* v. *Wren* (1821), 1 Hawks (N. C.) 420; *Logan* v. *Austin* (1828), 1 Stew. (Ala.) 476; Pollock, Torts (12th ed.) p. 160; Cooley, Torts (2nd ed.) §162, p. 187. Citing *Mathew* v. *Ollerton, supra,* the Supreme Court, in *Adams* v. *Waggoner* (1870), 33 Ind. 531, 5 Am. Rep. St. 230, has stated the law to be, "that an agreement, leave, or license to do an act which in itself is unlawful, forbidden by positive law, and for the doing of which a penalty is attached and denounced, whether a felony or a misdemeanor, is no defense to an action for damages by a party who has been injured by the doing of such act, though he made the agreement, gave the license, leave, and consent." To the same effect, see *Lund* v. *Tyler* (1901), 115 Iowa 236, 88 N. W. 333; *McNeil* v. *Mullin* (1905), 70 Kans. 634, 79 Pac. 168; *Grotton* v. *Glidden* (1892), 84 Me. 589, 24 Atl. 1008, 30 Am. St. 413; *Lizana* v. *Lang* (1907), 90 Miss. 469, 43 So. 477; *Morris* v. *Miller* (1909), 83 Nebr. 218, 119 N. W. 458, 20 L. R. A. (N. S.) 907, 131 Am. St. 636, 17 Ann. Cas. 1047; *Dole* v. *Erskine* (1857), 35 N. H. 503; *Lewis* v. *Fountain* (1915), 168 N. C. 277, 84 S. E. 278; *Barholt* v. *Wright* (1887), 45 Ohio St. 177, 12 N. E. 185, 4 Am. St. 535; *McCue* v. *Klein* (1883), 60 Texas 168, 48 Am. Rep. 260; *Shay* v. *Thompson* (1884), 59 Wis. 540, 18 N. W. 473, 48 Am. Rep. 538.

In the case of *Milliken* v. *Heddesheimer, Admr.* (1924), 110 Ohio St. 381, 144 N. E. 264, 33 A. L. R. 53, the exact question here presented was decided by the Supreme Court of Ohio, and that court, in a

well-written opinion, held that "an action to recover damages from one who performed an illegal operation to produce an abortion may be maintained by the administrator of the woman whose death resulted from such wrongful act, even though she consented thereto." Cases, in all material respects the same, are *Hancock* v. *Hullett* (1919), 203 Ala. 272, 82 So. 522; *Miller* v. *Bayer* (1896), 94 Wis. 123, 68 N. W. 869. There are decisions to the contrary (*Goldnamer* v. *O'Brien* [1896], 98 Ky. 569, 33 S. W. 831, 36 L. R. A. 715, 56 Am. St. 378; *Sazdiwicz* v. *Cantor* [1926], 257 Mass. 518, 154 N. E. 251, 49 A. L. R. 958; *Hunter* v. *Wheate* [1923], 289 Fed. 604, 31 A. L. R. 980), but the weight of judicial authority as to the general principle is in accord with *Adams* v. *Waggoner, supra,* a decision of the Supreme Court of this state, which, so far as this court is concerned, is controlling. In the case of *Courtney* v. *Clinton* (1897), 18 Ind. App. 620, 48 N. E. 799, cited by appellant, the only question actually decided was that, under the facts as presented by the evidence, the damages assessed were excessive. It is also to be observed that, on appeal, there was no appearance by appellee, and that one of the judges of the court dissented. We conclude that the consent of Aretta Hardesty to the performance of the illegal operation is no defense to the action by her legal representative against appellant.

Complaint is made that the damages assessed are excessive. The evidence shows that the deceased was 31 years of age, with a life expectancy of more than 32 years; that she was in good health, and was able to, and did, do the household work for the family, which consisted of herself, her husband and their three children. In the light of this evidence, the assessment of $5,000 is not excessive.

Affirmed.

Nichols, J., dissents.