(42 Misc. Rep. 613.)

## LAROCQUE v. CONHEIM.

(Supreme Court, Special Term, Oneida County. February, 1904.)

1. ABATEMENT—DEATH OF PARTY—SURVIVAL OF CAUSE OF ACTION.

A cause of action for a breach of promise of marriage does not survive and pass to the personal representative of the woman; nor is the complaint therefor aided by an allegation that defendant made the marriage promise fraudulently, and did not intend to keep it, and that he seduced the woman and caused her to submit to a criminal operation.

2. SAME—SEDUCTION—ACTION BY INFANT.

As an infant cannot maintain an action for seduction—that right belonging to the person—ordinarily the parent—who bore the relation to her of master, and she to him that of servant, the right of action does not survive her death.

3. DEATH BY WRONGFUL ACT—RIGHT OF ACTION.

There can be no recovery under Code Civ. Proc. § 1902, for "wrongful act, neglect or default," of the defendant, "by reason of which the decedent's death was caused," for causing a woman to submit to a criminal operation, whereby she died, where the complaint does not allege that defendant bore such a relation to her as would give him an opportunity to coerce or overcome her will, but alleges that she submitted to his proposals for such an operation, so as to become guilty of a crime, under Pen. Code, § 295.

Action by Leon Larocque, administrator of Harriet Larocque, deceased, against Abraham Conheim. Demurrer to complaint. Sustained.

Fred C. Schraub, for plaintiff.
H. B. Rutherford, for defendant.

ROGERS, J. The plaintiff alleges that Harriet Larocque was his daughter; that in January, 1902, the defendant wrongfully seduced and carnally knew her; that she was then aged 19 years, and was previously chaste and of good reputation; that said seduction was accomplished under a promise of marriage, which the defendant did not intend to keep, but the same was made for the purpose of subjecting her to his lusts and debauching her; that by reason of such intercourse and cohabitation she became pregnant about the month of April, 1902; that at that time the defendant wrongfully "caused her to submit to a criminal operation, and aided and assisted in procuring an abortion to be produced on her," from the effects of which she was rendered dangerously ill and continued sick down to the 25th day of April thereafter, when "from the effects of said criminal operation and abortion she died"; that from the time of said operation down to her death the said Harriet, by reason thereof, suffered great pain of body and

¶ 1. See Abatement and Revival, vol. 1, Cent. Dig. § 252.

agony of mind, to her loss and damage. Then follows a statement. that she left next of kin who suffered damage by reason of the death in the sum of $20,000; that she died intestate; that letters of administration were duly issued by the surrogate of the county of Lewis to the plaintiff, who has qualified and is acting as such; and judgment is demanded for $20,000. To this complaint the defendant demurs upon the ground that it does not state facts sufficient to constitute a cause of action.

The complaint, in alleging the promise of marriage, a seduction thereunder, and a subsequent breach of the promise, states a cause of action which might have been prosecuted by her, had she lived—her cause of action being for the breach, with the seduction as an incident, which might be shown in aggravation of damages; but this is not an action that survives and passes to her personal representatives. Wade v. Kalbfleisch, 58 N. Y. 282, 17 Am. Rep. 250; Hegerich v. Keddie, 99 N. Y. 258, 1 N. E. 787, 52 Am. Rep. 25. Nor is it aided by the fact that the defendant was guilty of a fraud in making and procuring, and that he had no intent to keep, the marriage promise. Price v. Price, 75 N. Y. 244, 31 Am. Rep. 463.

The portion of the complaint, therefore, which remains to be considered, is that wherein it is charged that the defendant procured the deceased to "submit to a criminal operation, * * * from the effects of" which she subsequently died. There was no right of action at common law for causing the death of another. Green v. Hudson River R. R. Co., 2 Abb. Dec. 277; Whitford v. Panama R. R. Co., 23 N. Y. 465; Lucas v. N. Y. C. R. R. Co., 21 Barb. 245. The only authority in this state for its maintenance is in the statute:

"The executor or administrator of a decedent, who has left, him or her surviving, a husband, wife, or next of kin, may maintain an action to recover damages for a wrongful act, neglect or default, by which the decedent's death was caused, against a natural person who, or a corporation which, would have been liable to an action in favor of the decedent, by reason thereof, if death had not ensued." Code Civ. Proc. § 1902.

Eliminating from the complaint the allegation as to the marriage promise, does it state a "wrongful act, neglect or default" of the defendant, causing the death, for which the deceased might have maintained an action if living? She could not have maintained the action as for a seduction. That right belongs to the person—ordinarily the parent or one standing in loco parentis—who bore to her the relation of master, and she to him that of servant. Addison on Torts (Banks' Ed.) 1094; White v. Nellis, 31 N. Y. 405, 88 Am. Dec. 282; Hamilton v. Lomax, 26 Barb. 615; 25 Am. & Eng. Encyc. of Law (2d Ed.) 197; Lawyer v. Fritcher, 130 N. Y. 239, 29 N. E. 267, 14 L. R. A. 700, 27 Am. St. Rep. 521, and cases cited; Disler v. McCauley, 66 App. Div. 42, 73 N. Y. Supp. 270. Besides, the seduction was not the proximate cause of death. Death resulted from said "criminal operation."

Nor could she have maintained an action for the criminal operation producing the abortion. It is not alleged that the defendant bore such relation to the deceased, by blood or in law, as gave him special opportunity to coerce or overcome her will, as was held where the seducer

was guardian of the female, and seduced his ward. Graham v. Wallace, 50 App. Div. 101, 63 N. Y. Supp. 372. They stood on equal ground, except the disparity in years, and the fact, if that be an inequality, that she was a woman and he a man. While he solicited, and was guilty of a most serious crime (Pen. Code, § 295), she gave assent—participated in the unlawful act. She was so persuaded as, in the language of the complaint, "to submit." In that she was herself guilty of a crime. Pen. Code, § 295; People v. Meyers, 5 N. Y. Cr. R. 120; People v. McGonegal, 136 N. Y. 62, 32 N. E. 616. This, it seems to me, would have precluded her from maintaining an action for the "criminal operation," within the principle that courts will not grant relief to one who bases his claim upon his own illegal act, or a transaction in which he was an unlawful participant. The authorities are many and uniform:

"He who by his pleadings, in any court of justice, avows that he has been engaged with others in an unlawful action, or has concerted with them in an unlawful enterprise, and that, in arranging for or carrying it out, he has been unfairly treated by his associates, or has suffered an injustice which they should redress, will be met by the refusal of the court to look any further than his complaint, which it will at once order dismissed." Cooley, Torts, 149.

"Since the business of courts is to enforce obedience to the law, they cannot lawfully assist a suitor in any effort to break it." Bishop, Noncont. Law, § 54.

"In just legal principle, the true view is believed to be that where one is seeking the help of the court in doing a wrongful act, or compensation for having done one, or redress for another's having participated in it, or when in any other manner compliance with his prayer would involve an affirmance of his wrong, as though it were a right, his suit will be rejected. For, should the court grant what he asks, it would thereby, in effect, join with him in breaking the law which it was established to maintain." Id. § 59.

"A party cannot be heard to allege his own unlawful act, and, if such an act be one of a series of facts necessary to support the plaintiff's claim, then that claim must fail. A party who seeks redress in a court of justice must come with clean hands. An action which requires for its support the aid of an illegal act cannot be maintained." Gregg v. Wyman, 4 Cush. 322.

It is a maxim of the law that "that to which a person assents is not esteemed in law an injury." Broom, Leg. Max. *201. To the same effect is Addison, Torts (Banks' Ed.) 1093; Bartley v. Richtmyer, 4 N. Y. 38, 43, 53 Am. Dec. 338; Hilton v. Fonda, 86 N. Y. 339, 352; Travis v. Barger, 24 Barb. 614.

The conclusion results that the plaintiff, as administrator, has no cause of action for the matters set out in the complaint. Whether in his individual capacity as father (i. e., master) he has a right of action for loss of services, with punitive damages (Lawyer v. Fritcher, 130 N. Y. 239, 29 N. E. 267, 14 L. R. A. 700, 27 Am. St. Rep. 521), is not now before the court for decision. The demurrer must be sustained, with costs.

Demurrer sustained, with costs.