[No. 22727. *En Banc.* July 16, 1931.]

ADA M. ANDROWS, *as Administratrix, Appellant,* v. H. W. COULTER, *Respondent.*[1]

*Frank P. Christensen,* for appellant.
*Yantis & Brodie,* for respondent.

[1]Reported in 1 P. (2d) 320.

430

MITCHELL, J.—The appellant, Ada M. Androws, as administratrix of the estate of Gene Raligh, deceased, by an amended complaint (hereinafter spoken of as the complaint) against H. W. Coulter, seeks to recover for certain expenses incurred in the last sickness and burial of the decedent. The complaint, upon alleging substantially that the defendant, a practicing physician and surgeon, unlawfully and criminally performed an operation upon Gene Raligh for the purpose of procuring an abortion so negligently and carelessly that septicaemia immediately resulted therefrom, further alleges:

"That the defendant was further negligent in that after becoming aware that said deceased was suffering from septicaemia and general peritonitis he wholly and entirely failed and neglected to take any steps or prescribe or give any treatment or treatments or effect any recovery of the said Gene Raligh, and that the said defendant abandoned the said Gene Raligh and failed to attend her and after knowing that the said Gene Raligh was suffering from septicaemia and general peritonitis and knowing that the life of the said Gene Raligh was in danger thereby, the said defendant wrongfully concealed the fact whereby the said Gene Raligh and her family were prevented from having and from knowing the necessity of great care and attention which the said Gene Raligh's physical condition then demanded and required, and that had the defendant made known the true physical condition of the said Gene Raligh at the time her condition became known to him and had the defendant given the said Gene Raligh the proper hospital and medical care and attention which her physical condition required the death of the said Gene Raligh herein complained of would not have occurred."

The amended complaint then alleges the date of the death of Gene Raligh caused by the operation and the negligence and carelessness of the defendant in failing to care for the decedent, by reason of which plaintiff

paid out and incurred expenses for the recovery of which this action is brought.

A demurrer upon several grounds was interposed to the complaint, which, with respect to its being a general demurrer, the trial court sustained. The plaintiff refused to plead further, electing to stand on the complaint, whereupon the court dismissed the action with prejudice, from which judgment the appeal has been taken.

Section 2448, Rem. Comp. Stat., provides, in effect, that one who unlawfully produces a miscarriage of a woman is guilty of abortion and may be punished by imprisonment in the penitentiary, and § 2449, Rem. Comp. Stat., provides, in effect, that a woman who submits to her own criminal miscarriage may be punished by imprisonment in the penitentiary. With these statutes in mind, counsel for the respondent, in support of the judgment, rely on the general rule that courts will not aid either party in litigation growing out of criminal acts, and that therefore appellant is not entitled to prevail, because the alleged cause of action is founded upon an illegal act on the part of the decedent, whose estate appellant represents.

Upon the question of whether the rule stated shall be applied in favor of one who performs an abortion, the woman voluntarily consenting and participating, there appears to be a conflict of authority, as may be seen from the cases of *Milliken v. Heddesheimer,* 110 Ohio St. 381, 144 N. E. 264, 33 A. L. R. 53; and *Szadiwicz v. Cantor,* 257 Mass. 518, 154 N. E. 251, 49 A. L. R. 958.

A majority of us are of the opinion that the rule is applicable in such cases, following such authorities as the one last above cited, approving the saying of Lord Mansfield in *Holman v. Johnson,* 1 Cowp. 341, 98 Eng.

Reprint 1120, followed in *Higgins v. McCrea,* 116 U. S. 671, 677, 29 L. ed. 764, 766:

"No court will lend its aid to a man who founds his cause of action upon an immoral or illegal act. If from the plaintiffs' own stating, or otherwise, the cause of action appear to arise *ex turpi causa,* or the transgression of a positive law of this country, there the court says he has no right to be assisted. It is upon that ground the court goes, not for the sake of the defendant, but because they will not lend their aid to such a plaintiff."

But the complaint does not simply charge abortion and the subsequent death of the woman. There may be some apparent confusion in the allegations of the complaint, technically considered, but it was not tested by a motion to make more definite and certain or any other motion. It was disposed of by a general demurrer. Section 285, Rem. Comp. Stat., says:

"In the construction of a pleading, for the purpose of determining its effect, its allegation (s) shall be liberally construed, with a view to substantial justice between the parties."

Here, notwithstanding the allegations of negligence in connection with the criminal operation, there are allegations that will permit proof, in addition to the operation performed by the defendant, that, upon becoming aware that the one upon whom the act was performed suffered from septicaemia and peritonitis, he wholly failed and neglected to prescribe for or treat her, and that he wholly abandoned her, knowing that she was so suffering, and knowing that her life was in danger, and without letting her family know of her true condition; and that, had he made known her true physical condition at the time it became known to him, or had he given her proper attention, the death of his patient would not have occurred. Proof of the facts thus alleged would establish a cause of action. A phy-

sician and surgeon has no more right to abandon his patient under such circumstances than he would had she become his patient under ordinary circumstances and in the best of faith.

The facts stated in the complaint, admitted by the general demurrer, are sufficient to constitute a cause of action.

Reversed and remanded, with directions to overrule the demurrer.

TOLMAN, C. J., BEELER, PARKER, MAIN, BEALS, HOLCOMB, and MILLARD, JJ., concur.