Max Herko, Plaintiff, *v.* Isidore Uviller, Defendant.

Supreme Court, Special Term, Kings County, June 12, 1952.

*Selig Kaplan* for defendant.

*Freiman & Brecher* for plaintiff.

Keogh, J. Defendant moves to dismiss the complaint pursuant to rule 106 of the Rules of Civil Practice upon the ground that it fails to state facts sufficient to constitute a cause of action.

The complaint alleges in substance that in or about the latter part of May, 1950, plaintiff's wife was pregnant; that she consulted with defendant (her uncle) for the purpose of aborting her pregnancy; that in opposition to plaintiff's wishes and contrary to law, defendant performed, or caused to be performed, an abortion upon plaintiff's wife; that said illegal abortion resulted in a termination of the pregnancy of plaintiff's wife and that as a result of the "illegal and tortious" act of defendant, plaintiff was deprived of further offspring, and further deprived of the consortium and society of his wife.

The charge that defendant's acts were illegal and tortious is merely conclusory and unsupported by any facts.

It is stated in Restatement of the Law of Torts (Vol. 3, § 693, Comment c) that: "In order to subject one to liability to a husband for illness or bodily harm done to his wife, all the

elements of a tort action in the wife must exist, including the tortious conduct of the actor, the resulting harm to the wife and the latter's freedom from such fault as would bar a recovery by her, as for example, her contributory negligence (see § 494)."

The allegation in the instant complaint that plaintiff's wife consulted with defendant for the purpose of aborting her pregnancy clearly implies that she participated in the commission of the act complained of and, therefore, she would be precluded from maintaining any cause of action arising out of that transaction. (See *Larocque* v. *Conheim,* 42 Misc. 613.)

Although "The invasion of the husband's interests in the marriage relation is a separate tort against him, it is conditioned upon factors which also constitute a tort against the wife. * * * Unless, therefore, the actor has become liable to the wife, he cannot be subject to liability to the husband" (Restatement, Torts, Vol. 3, § 693, Comment d, p. 493).

Motion granted. Submit order.