J. Bryan HENRIE, Plaintiff in Error,

v.

Derrell H. GRIFFITH, Administrator of the Estate of Jolene Joyce Griffith, Deceased, Defendant in Error.

No. 40608.

Supreme Court of Oklahoma.

Oct. 6, 1964.

**810**

E. H. Beauchamp, Grove, Dennis E. Beauchamp, Jay, for plaintiff in error.

Ralph R. Adkisson, Tulsa, for defendant in error.

DAVISON, Justice.

This is an appeal by J. Bryan Henrie (defendant below) from a judgment in favor of Derrell H. Griffith, Administrator of the Estate of Jolene Joyce Griffith, Deceased (plaintiff below) for damages by reason of the death of the deceased as a result of an unlawful operation, performed by defendant upon the decedent, for the purpose of producing an abortion. The appeal presents the single proposition of whether the trial court erred in overruling defendant's demurrer to the amended petition, hereinafter referred to as petition.

The petition alleged, inter alia, that on March 3, 1962, decedent was admitted to defendant's clinic at Grove, Oklahoma, as a patient of defendant, a Doctor of Osteopathy; that during the following week the defendant negligently and unlawfully performed an operation of abortion on decedent, the operation not being necessary to preserve her life and not having been advised by a physician to be necessary for that purpose; that defendant was negligent and failed to employ the skill reasonably required, in that defendant disregarded sterilization and asepsis techniques, and decedent's genital organs became infected, and that after the operation, decedent suffered serious complications; and "that Defendant failed to give her ordinary and proper care and completely abandoned her without informing her family of her condition." It was further alleged that decedent then entered a hospital in Tulsa, Oklahoma, on March 10, 1962, and died March 25, 1962, as a direct result of the negligent and unlawful abortion, leaving a husband and three minor children as surviving next of kin.

Defendant's demurrer to the petition for failure to state a cause of action was overruled and defendant elected to stand on his demurrer. The court then heard plaintiff's evidence and rendered judgment for damages against defendant.

Defendant makes no contention as to the amount of the damages.

The question is, did the petition state a cause of action?

The wrongful death statute, 12 O.S.1961 § 1053, provides that the personal representative of the deceased may maintain an action, if the deceased "might have maintained an action had he lived," for an injury for the same act or omission.

The provisions of 21 O.S.1961 § 861, makes it a crime to advise or procure or perform an operation with intent to procure a miscarriage of a pregnant woman, unless the same is necessary to preserve her life, and 21 O.S.1961 § 862, makes it a crime on the part of the woman to submit to such operation unless the same is necessary to preserve her life. In view of the allegations of the petition, and in the absence of allegations of duress, undue influence or misrepresentations to the decedent, we conclude that the decedent voluntarily submitted and consented to the operation for abortion. Therefore the petition recites a violation of these criminal statutes by the decedent and defendant.

Defendant relies on our decision in Bowlan v. Lunsford, 176 Okl. 115, 54 P.2d

666. In that case the action for damages by reason of the illegal abortion operation was by the woman and against the person advising and procuring her to have the operation performed by a doctor in another state. The trial court sustained a demurrer to her petition. We found the petition showed plaintiff submitted to the operation, that she and defendant were guilty of violation of the above cited criminal statutes, and held that plaintiff could not maintain the action. The decision stated that the parties were subject to the general rule that where parties to an immoral or illegal transaction are in pari delicto with each other, each is estopped, as to the other to take advantage of his own moral turpitude, illegal act, or criminal conduct for the purpose of recovering damages for injury sustained as a consequence of their own joint wrong.

█ The Bowlan decision holds that consent to the illegal abortion prevents recovery for damages resulting from the abortion. However, the petition in the Bowlan case did not allege any negligence in the care of the plaintiff woman after the abortion operation, that the defendant failed to give her proper care and abandoned her without informing her family of her serious condition. The decision recognizes a sharp division in the authorities on the subject. A later collection of the conflicting cases appears in Annotation, 21 A.L.R.2d 369, and in True v. Older, 227 Minn. 154, 34 N.W.2d 700.

However, the petition in the instant case, as stated above, alleges:

" * * * that after said operation the decedent suffered serious complications resulting from the operation and that Defendant failed to give her ordinary and proper care and completely abandoned her without informing her family of her condition. That as a direct and proximate cause of said wanton, negligent and unlawful acts of the Defendant, Plaintiff's decedent died * * "

█ No such or similar allegations appeared in the petition in the Bowlan case. We are of the opinion that these allega-

tions are sufficient to distinguish the petition in the instant case from the petition in the Bowlan case.

In Andrews v. Coulter, 163 Wash. 429, 1 P.2d 320, the petition alleged that after the defendant physician negligently performed the illegal abortion an infection resulted and defendant, after becoming aware of the infection, failed and neglected to treat or effect a recovery of the patient and abandoned her and concealed from her family her condition, and the patient died. A majority of the Washington court was of the opinion that consent to the illegal operation would prevent maintenance of a damage action founded on the illegal act of the decedent. In fact this Washington decision is cited in our Bowlan case as authority for denying maintenance of an action in that situation. But the Washington decision held that proof in support of the allegations of want of care and abandonment of decedent, after the operation, by a defendant who was aware of her infection, would establish a cause of action, stating:

" * * * A physician and surgeon has no more right to abandon his patient under such circumstances than he would had she become his patient under ordinary circumstances and in the best of faith."

In True v. Older, supra, the court was also presented with the question of the sufficiency of similar allegations to state a cause of action, and after citing and quoting from Andrews v. Coulter, stated:

"The above holding applies to this case. Here, plaintiff seeks recovery not only on the ground that the abortion was improperly performed, but also upon the ground that after the abortion defendants failed to properly care for decedent. Clearly, consent to the abortion would be no bar to a cause of action based upon the claim that after performing the abortion, and knowing the dangerous condition of decedent, defendants failed to provide proper care."

The conclusions expressed in the above cited cases are equally applicable to the

allegations of the instant petition. The allegations were sufficient to state a cause of action.

In Brodsky v. Atchison, Topeka & Santa Fe Ry. Co., Okl., 368 P.2d 852, it is stated:

"When the sufficiency of a petition is challenged by a demurrer thereto, such petition must be liberally construed in favor of the plaintiff, and all facts well pleaded together with all inferences which may be reasonably drawn therefrom must be taken as admitted to be true for the purpose of the demurrer."

The trial court did not err in overruling the demurrer of defendant to the petition and judgment is affirmed.

BLACKBIRD, C. J., HALLEY, V. C. J., and JOHNSON, WILLIAMS, JACKSON, IRWIN and BERRY, JJ., concur.