Sidney H. Asch, J.
Motion by defendant for summary judgment pursuant to CPLR 3212 for an order dismissing plaintiff’s complaint is denied.
The defendant concedes that the plaintiff, an adult, pregnant female, came to defendant physician on approximately June 3, 1970. At that time the plaintiff requested an abortion. An abortion was not done at that time, but the patient returned on June 6, 1970, for the purpose of having an abortion. An operative procedure was performed by the defendant that day on the plaintiff which terminated the pregnancy.
The plaintiff now claims that she sustained certain injuries as a result of what transpired. Her complaint seeks damages for malpractice, breach of warranty, sodomy and assault.
Defendant’s notice of motion urges dismissal of the first and second causes of action. However, the memorandum of law in support of the motion requests that the entire complaint be *127 dismissed. Under such circumstances, it seems appropriate for the court to search the record and consider whether any of the four causes of action should be dismissed.
The first cause of action is based upon medical malpractice, for failure on the part of the defendant to perform the operation properly and to care for plaintiff properly after the operation. It is this cause of action which presents the most vexatious problem.
It is not asserted by either party that the operation was other than illegal under the provisions of sections 125.05 and 125.50 of the Penal Law. Although the New York State Legislature had passed a law to decriminalize certain abortions before the incident involved in this case, the effective date of the statute was established as July 1, 1970. Therefore, at the time of the incident, section 125.40 of the New York Penal Law still provided that, "A person is guilty of abortion in the second degree when he commits an abortional act upon a female, unless such abortional act is justifiable pursuant to subdivision three of section 125.05. Abortion in the second degree is a class E felony.” It is not claimed that the exception as set forth in subdivision 3 of section 125.05 is applicable in this case. In fact, the defendant had been indicted by the District Attorney.
Further, the section 125.50 of New York Penal Law provided, "A female is guilty of self-abortion in the second degree when, being pregnant, she commits or submits to an abortional act upon herself, unless such abortional act is justifiable pursuant to subdivision three of section 125.05. Self-abortion in the second degree is a class B misdemeanor.” Obviously the Legislature intended that not only the person performing the abortion, but also the person subjecting herself to the abortion would be guilty of a criminal act. There is no claim that the statutory provisions defining the exceptions to this criminal act have been met by the plaintiff. That is, there is no claim that this abortion was justified under the Penal Law as it existed at that time. Consequently, the plaintiff’s initiation of and participation in this episode was a criminal act as the criminal law existed in June of 1970.
Defendant contends that plaintiff’s participation in the then criminal act of abortion bars her recovery. He relies on the black letter law dictum that a party may not profit from participation in a criminal act. (See Riggs v Palmer, 115 NY 506.)
*128 In States other than New York, there has been a conflict of authority as to whether a civil action may be maintained to recover damages for injuries or death resulting from an illegal abortion. Where recovery has been denied, it has been on the theory that the woman was an accomplice or voluntary participant in the criminal act, and she is barred from bringing suit based upon such transaction. (Sayadoff v Warda, 125 Cal App 2d 626; Hunter v Wheate, 53 DC App 206 Nash v Meyer, 54 Idaho 283; Castronovo v Murawsky, 3 Ill App 2d 168; Goldnamer v O’Brien, 98 Ky 569; Szadiwicz v Cantor, 257 Mass 518; Bowlan v Lunsford, 176 Okla 115; Martin v Morris, 163 Tenn 186; Miller v Bennett, 190 Va 162; see True v Older, 227 Minn 154; Androws v Coulter, 163 Wash 429.)
Other States have held to the contrary. (Lembo v Donnell, 117 Me 143; True v Older, 227 Minn 154; Henrie v Griffith [Okla] 395 P 2d 809; Androws v Coulter, 163 Wash 429.)
In New York, the decided cases seemed to indicate that a woman could not sue for malpractice in an illegal abortion, but no case has held so directly. In Larocque v Conheim (42 Misc 613), the court ruled that the family of a woman who died following an abortion had no cause of action for wrongful death against the seducer who had arranged for the abortion. The court dismissed the claim because the decedent had voluntarily participated in the illegal act. Herko v Uviller (203 Misc 108) adopted the reasoning of the Larocque opinion and rejected a husband’s derivative damage claim against an abortionist whose act mandated a hysterectomy upon the claimant’s wife.
In McCandless v State of New York (3 AD2d 600), damages for assault and trespass were awarded to a patient at a State mental hospital following an abortion performed without her consent. The court noted that its decision was based upon the lack of consent, and not on the issue of whether the operation was legal or illegal.
It is unnecessary for this court to rely on a factual distinction between these cases and the instant one, to decide that plaintiff may sue for malpractice in an illegal abortion. Such a result flows from the dramatic shift in public policy throughout the entire country and in this jurisdiction.
Going back to the last century, 50 States, as well as the District of Columbia and Puerto Rico, had adopted laws making abortion a penal offense. For a period of six years, from 1966 to 1972, 13 States changed their abortion laws, easing *129 the restrictions against abortion. The 1970 Hawaiian statute went beyond the other States, toward the complete repeal of all penal sanctions for abortion. The law passed in New York the same year took a similar route. In 1973, the Supreme Court of the United States (Roe v Wade, 410 US 113) held generally that a woman’s right of privacy includes a right to abortion. For history, see Practice Commentaries to section 125.05 of the Penal Law (McKinney’s, Cons. Laws of N.Y., Book 39).
The relationship between legislation and judicial action has most often been limited to interpretation and construction. What is less often recognized is that statutes can serve as an appropriate and seminal source of public policy to which common-law courts can refer. (See, Muller v Oregon, 208 US 412; Pound, Common Law and Legislation, 21 Harv L Rev 383, 389; Freund, Interpretation of Statutes, 65 U of Pa L Rev, 207, 225-226, 228-231; Landis, Statutes and Sources of Law, in Harv. Legal Essays, 213, 230-233 [1934]; Horack, The Common Law of Legislation, 23 Iowa L Rev 41.)
In New York, there has never been a statutory law against bringing a suit for malpractice in an illegal abortion. The impediment which may have existed resulted from the public policy, as indicated by the statutes making abortion a crime. In this case, legislative action throughout the United States liberalizing these laws, and the amendment of sections 125.05 and 125.50 of the Penal Law legalizing certain abortions indicated a change in public policy which this court cannot ignore. Accordingly, the court upholds the cause of action based upon malpractice.
The second cause of action is for breach of warranty occasioned by the alleged failure of the defendant to remove all of the fetus from the plaintiffs body. The determination of this cause of action must await fact finding at trial on the issue of whether the parties had a contractual agreement covering the subject of the claim (see CPLR 3212, subd [b]; Robins v Finestone, 308 NY 543). The motion to dismiss the second cause of action is denied.
The third cause of action alleges that the defendant committed an assault consisting of an act of sodomy upon the plaintiff without her consent. Since the act complained of is unrelated to the abortion, and gives rise to a separate claim, the motion to dismiss the third cause of action is denied.
The fourth cause of action appears to claim damages arising *130 from the abortion itself. The pleadings indicate that the plaintiff consented to the abortion. Such consent would bar her cause of action for assault (see McCandless, 3 AD2d 600, supra). However, the affirmation in support of this motion was made by an attorney associated with the law firm representing the defendant. The affirmation does not even allege that the affirmant has personal knowledge of the facts. The affirmation must therefore be disregarded.
The motion to dismiss the fourth cause of action is denied (see CPLR 3212, subd [b]).
This decision vacates the prior decision of this court entered on or about July 28, 1975 on this motion.