## (January 13, 1977)

■ MARGARET J. RENO, Respondent, v ISMAIL F. D'JAVID, Appellant.— Order, Supreme Court, New York County, entered on April 9, 1976, denying defendant's motion for summary judgment, unanimously modified, on the law, and motion granted to the extent of dismissing and severing the first, second and fourth causes of action in the complaint, and, as so modified, the order is affirmed, without costs and without disbursements. The causes of action based upon medical malpractice, breach of warranty and assault all arise out of an abortion performed by defendant physician on plaintiff, at

her request, on June 6, 1970. Such operative procedure was illegal on the date performed and plaintiff, as well as defendant, was guilty of a criminal act as a result thereof (Penal Law, §§ 125.50, 125.40). The subsequent expansion of the definition of the term "justifiable abortional act" (Penal Law, § 125.05, subd 3, eff July 1, 1970) did not legalize the act committed prior to the effective date of the amended statute. Plaintiff, having participated in an illegal act, may not profit therefrom. As was stated in *Riggs v Palmer* (115 NY 506, 511–512): "No one shall be permitted to profit by his own fraud, or take advantage of his own wrong, or to found any claim upon his own iniquity, or to acquire property by his own crime. These maxims are dictated by public policy, have their foundation in universal law administered in all civilized countries, and have nowhere been superseded by statute". The third cause of action is completely separated from the allegations in the causes of action dismissed above and is based on an alleged personal assault by the defendant against the plaintiff. Concur—Stevens, P. J., Markewich, Kupferman, Birns and Capozzoli, JJ. [85 Misc 2d 126.]