Fuchsberg, J. (dissenting).
I would reverse the order ap-
pealed from and reinstate Special Term’s order denying defendant’s CPLR 3212 motion to dismiss.
It is unnecessary, it seems to me, to reach the question of the applicability of the absolutist doctrine on which the major *1041 ity relies in this case. No one can disagree with it as a matter of general principle.
The statute legalizing abortion in New York was enacted on April 11, 1970 effective as of July 1 of that year. The abortion here was performed on the plaintiff, an unmarried young woman, by the defendant physician on the intervening June 6. Assuming that the changing legislative view had not yet marked a shift in public policy as of that date and that, in any event, it did not serve to undermine the general requirement that the law be obeyed, the issue still remains as to whether there was post-abortion negligence in the nature of abandonment and whether that, rather than the abortion itself, was the proximate cause of the condition which brought the plaintiff to the threshold of death and the need for surgical removal of her reproductive organs.
The motion papers show that the plaintiff’s uterus had been perforated by the defendant. Since the perforation occurred during the abortion, the defendant may be insulated from civil liability to the plaintiff for that conduct. However, as the actor, it may be inferred that he knew it had happened and it could also be found that he was aware of the copious bleeding that ensued. To have terminated his care at that point, without any provision at all for further and immediate medical attention, could be found to constitute tortious conduct independent of the abortion per se (see Henrie v Griffith, 395 P2d 809 [Okla]; Androws v Coulter, 163 Wash 429). Accordingly, I believe the motion should have been denied at this stage of the case and the parties permitted to develop the facts more fully at trial.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler and Cooke concur; Judge Fuchsberg dissents and votes to reverse in a separate opinion.
Order affirmed, without costs, in a memorandum.