LONNIE J. MIKEL, Appellant, v CITY OF ROCHESTER et al., Respondents. [695 NYS2d 462] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Defendant James Holloway, an officer with the Rochester Police Department, was executing a search warrant when he accidentally shot plaintiff. Holloway testified that he was carrying a shotgun in the "ready position" and slipped on the floor of the apartment being searched, accidentally discharging the shotgun. Plaintiff moved for summary judgment on liability and to dismiss the affirmative defense of culpable conduct; defendants cross-moved for summary judgment on the complaint. Supreme Court denied the motion and cross motion.

The court properly denied that part of plaintiff's motion seeking summary judgment on liability. Plaintiff cites several cases in which liability was imposed for the shooting of innocent bystanders. Plaintiff's reliance on those cases, however, is misplaced because each was decided after a trial (*see, Mikula v Duliba,* 94 AD2d 503; *Hacker v City of New York,* 46 Misc 2d 1003, *revd* 26 AD2d 400, *affd* 20 NY2d 722, *rearg denied* 20 NY2d 970, *cert denied* 390 US 1036; *see also, Lubelfeld v City of New York,* 4 NY2d 455; *Desa v City of New York,* 188 AD2d 313, *lv denied* 81 NY2d 706). Defendants' concession that the shooting was accidental does not necessitate a finding that defendants were negligent.

Although defendants have not cross-appealed, they argue in

their brief that they are entitled to summary judgment dismissing the complaint. We disagree. There are issues of fact whether Holloway was negligent and whether his negligence, if any, was a proximate cause of the injury.

The court erred, however, in denying that part of plaintiff's motion seeking to dismiss the affirmative defense of culpable conduct. Defendants contend that plaintiff's mere presence in an apartment known to be used for the sale of drugs raises an issue of fact about plaintiff's comparative negligence because a person may not recover for injuries directly resulting from his knowing participation in a criminal act (see, Reno v D'Javid, 55 AD2d 876, affd 42 NY2d 1040; Riggs v Palmer, 115 NY 506). Here, however, plaintiff's presence in an apartment known to be used for drugs does not constitute a criminal act, and plaintiff was not engaged in any criminal conduct when he was shot. The fact that drugs and money were later found in the apartment is not related to the circumstances surrounding the accidental shooting.

Thus, we modify the order by granting plaintiff's motion in part and dismissing the affirmative defense of culpable conduct. (Appeal from Order of Supreme Court, Monroe County, Smith, J.—Summary Judgment.) Present—Lawton, J. P., Hayes, Wisner, Pigott, Jr., and Balio, JJ.